### Acme Harvester Company v. Guy Chittick.

#### Gen. No. 4,670.

1. EXPERT WITNESS—*what facts may be established by opinions of.* It is competent to show by expert witnesses that the effect of constant wear on a hardwood surface is to render it smooth.

2. ASSUMED RISK—*when question of, one of fact for jury.*
Whether the execution of an order of a foreman was attended with
such danger that a man of ordinary prudence having knowledge
of the situation would not have incurred it is a question of fact
for the jury to determine.

3. ASSIGNMENT OF ERROR—*when deemed waived.* An assignment
of error not argued is deemed to have been waived and will not be
considered upon appeal.

Action in case for personal injuries. Error to the Circuit Court
of Peoria county; the Hon. NICHOLAS E. WORTHINGTON, Judge, pre-
siding. Heard in this court at the April term, 1906. Affirmed.
Opinion filed March 13, 1907.

PINKNEY & McROBERTS, for plaintiff in error.

DAILEY & MILLER, for defendant in error.

MR. JUSTICE WILLIS delivered the opinion of the
court.

This is an action on the case brought by defendant
in error against plaintiff in error in the Circuit Court
of Peoria county, to recover damages for injuries sus-
tained by defendant in error while employed by plaint-
iff in error. Plaintiff in error operates a manufactur-
ing establishment near Peoria and makes all kinds of
farm machinery, employing from three hundred to six
hundred men according to the season. Defendant in
error had been employed by the Harvester Company
about one month prior to the accident, and during this
time he had worked around the shop generally. On the
day of the accident, July 17, 1905, he was ordered by
the foreman to work on a certain joiner wood-working
machine, and pursuant to this order he pushed a truck
load of boards over to this joiner and began running
the boards over the machine, when his feet slipped on
the smooth floor and he fell upon the machine, cutting
off a portion of his left hand.

The declaration charges that plaintiff in error failed
to provide a reasonably safe place for defendant in
error to work; that defendant in error was placed
at work on a certain joiner wood-working machine,

the dangerous character of which was unknown to defendant in error; that the floor around the machine had become worn, smooth and slippery by walking over the same and by oil dripping upon the floor from the machine; that the defendant had never worked on said machine prior to the day of the accident; that while working on this joiner, in the exercise of ordinary care for his own safety, his feet slipped on the smooth floor and he fell upon the machine, having a portion of his left hand cut off. A plea of general issue being filed, the case was heard before a jury, which returned a verdict of $6,500 for defendant in error, on which judgment was entered and a writ of error sued out. Plaintiff in error insists that there was no evidence showing that the floor was in a slippery condition at the time of the accident.

Herman Wachter testified that he had been in the employ of the Harvester Company as late as July or August, 1904, and for two or three years prior thereto; that in July or August, 1904, one year before the accident, the floor around this machine was slick and smooth from constant wear; and that it had been in the same condition for two or three years, during which time witness was employed by the Harvester Company. He also testified that the floor was made of hard maple; that there had been no change in the floor for two or three years prior to July or August, 1904; that hard maple floors soon became slick and slippery from constant wear; and that walking back and forth on this hard wood by the side of this particular machine made the floor slippery.

Lewis J. Mifford testified that he was in the employ of plaintiff in error as wood-worker and had been so employed for five or six years; that there had been no change in the floor around this machine since July, 1904; in fact, since the shops were built some five years prior to the accident. Witness further testified that he had run the machine in question and had put rosin

on the floor to keep from slipping; that the effect of wear on a hard maple floor is to make it smooth.

Defendant in error testified that he traveled back and forth by the side of this machine in doing his work; that he had worked at this machine about thirty minutes before the accident; and that he did not know the condition of the floor as it was covered with dust and shavings.

Three other witnesses testified that they were wood-workers by trade and were familiar with hard woods and the effect of constant wear on a hard wood surface; that the effect of constant travel on a hard maple floor was to make it smooth.

There was an objection to the evidence of these witnesses, so far as they testified to the effect of wear on a hard wood surface, on the ground that it was not a scientific question upon which expert testimony was admissible. We do not think this objection is well founded. This question was before the Supreme Court in Weber Wagon Company v. Kehl, 139 Ill. 644, where the court said: "Objection is made to the opinions of witnesses to the effect that a hard wood floor became slippery by use and a soft wood floor did not. The witnesses who were allowed to give their opinions were those who had experience in the use of a shaper, and who had acquired peculiar skill in that direction, and we perceive no objection to their evidence." Under this decision, the testimony of these witnesses was clearly competent, and being so, there was evidence tending to show that the floor around this machine was slick and slippery at the time of the accident. It is true, however, there was evidence tending to show that the floor around this machine was not smooth and slippery and in a dangerous condition; but we think there was sufficient evidence that this floor was slippery at the time of the accident, and that it was worn so by constant walking back and forth at the side of the machine, to warrant its submission to the jury.

It is further urged by plaintiff in error that even if

the machine was dangerous and the place an unsafe one in which to work nevertheless the defendant in error had assumed the risk.

The evidence shows that the defendant in error was twenty-two years of age at the time of the accident; that he had been a coal miner since he was ten years of age; that when he was not engaged in coal mining, he was railroading; that in 1902 he worked for the Harvester Company about three months, but not in the wood-working department; that he began work for the Harvester Company the first of June, 1905, and his business was pushing trucks from one room to another and such other work as the foreman directed; that he had never worked at the machine where he was injured until a few minutes before the accident; that he was ordered to work on this joiner by the foreman of the wood-working department; and that prior to that time defendant in error had had no experience in wood-working.

The evidence further tends to show that defendant in error, at the time he was placed at work on this joiner, did not know of the condition of the floor; that there was dust and shavings on the floor; and that there was nothing said to him about the slippery condition of the floor alongside of this joiner.

In Springfield Boiler Company v. Parks, 222 Ill. 355, the court said: "It is the settled law of this state that where a servant engages to perform service for another he does so in view of the risks incident to his employment, and that he will be presumed to have contracted with reference to such risks and to have assumed the same, and if he receive an injury resulting from the incidental risks and hazards ordinarily connected with such employment he cannot hold the master responsible. This general rule has, however, like most general rules, its exceptions, one of which is, that when the servant is directed by the master, or one who stands to the servant in the place of the master, to encounter a danger, and the servant, by reason of such

direction, does encounter the danger and is injured, the master cannot escape liability unless the danger which the servant is directed to encounter is so apparent that an ordinarily prudent person would not have encountered it, in which event the master escapes liability on the ground of contributory negligence on the part of the servant, rather than that of assumed risk." Illinois Steel Co. v. Schymanowski, 162 Ill. 447; Offutt v. World's Columbian Exposition, 175 *id.* 472; Graver Tanks Works v. O'Donnell, 191 *id.* 236; Illinois Steel Co. v. McFadden, 196 *id.* 344; Illinois Central Railroad Co. v. Sporleder, 199 *id.* 184; Chicago & Eastern Illinois Railroad Co. v. Heerey, 203 *id.* 492.

Under the evidence in this case, it cannot be said, as a matter of law, that the defendant in error assumed the risk of this employment. In Offutt v. World's Columbian Exposition, 175 Ill. 472, the court said: "Under the evidence it cannot be assumed, as a matter of law, that the danger was so imminent that no man of ordinary prudence having knowledge of it would incur it. The rule is, that where the servant is injured while obeying the orders of his master to perform work in a dangerous manner the master is liable, unless the danger is so imminent that a man of ordinary prudence would not incur it." Illinois Steel Co. v. Schymanowski, 162 Ill. 447, and cases cited; Anderson Pressed Brick Co. v. Sobkowiak, 148 *id.* 573; West Chicago Street Railroad Co. v. Dwyer, 162 *id.* 482. As was said in Springfield Boiler Co. v. Parks, *supra*, the question whether the execution of the order of the foreman was attended with such danger that a man of ordinary prudence, having a knowledge of the situation, which the defendant in error had, would have incurred the danger, was one of fact for the jury to determine.

It is next urged by plaintiff in error that the court erred in refusing to instruct a verdict for plaintiff in error. In E., J. & E. Ry. Co. v. Hoadley, 220 Ill. 462, the court said: "The peremptory instruction offered

by appellant at the close of all the evidence in the case presents the question whether there is in this record any evidence which, with the inferences reasonably to be drawn therefrom, is sufficient to support a verdict for the plaintiff." Illinois Central Railroad Co. v. Swift, 213 Ill. 307; Indiana, Illinois and Iowa Railroad Co. v. Otstot, 212 *id.* 429. The evidence in this case was ample to sustain the verdict and the court did not err in refusing to take the case from the jury.

Plaintiff in error also assigns as error that the damages are excessive, but this assignment is not urged in the argument and it must, therefore, be considered as waived. Keyes v. Kimmel, 186 Ill. 109; I. C. R. R. Co. v. Burke, 112 Ill. App. 415.

Finding no error the judgment of the court below is affirmed.

*Affirmed.*