## John Kozowski, Defendant in Error, v. Theadore Ostrow= ski, Plaintiff in Error.

## Gen. No. 15,756.

1. MASTER AND SERVANT—*how question of safe place determined.* If a servant is assigned to work in and about a gangway, the question as to whether such gangway is reasonably safe for the purpose for which it was made is a question of fact to be determined by the jury.

2. MASTER AND SERVANT—*duty of former to furnish safe place.* It is the duty of the master to use reasonable care to provide the servant with a reasonably safe place in which to work, and the servant has a right to assume that his master has discharged that duty and to act upon such assumption in the absence of knowledge or means of knowledge to the contrary; and whether or not the servant had knowledge that the place in which he was working was not reasonably safe, or had knowledge of facts from which it might be inferred he knew of· the danger, is a question of fact to be determined by the jury.

3. MASTER AND SERVANT—*when notice of defect charged to former.* The master is charged with notice of a defect in a structure to which he has assigned his servant to work where he had himself built such structure.

4. APPEALS AND ERRORS—*what errors not considered.* Error not assigned will not be considered on review.

5. APPEALS AND ERRORS—*when assignments of error waived.* Assignments of error not argued or insisted upon in the appellant's brief are deemed to have been waived.

Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 4, 1911. Rehearing denied October 25, 1911.

**Statement by the Court.** Defendant in error recovered a judgment of $800 in the Municipal Court against plaintiff in error for personal injuries sustained by reason of the alleged negligence of the latter. Defendant in error charged that plaintiff in error negligently failed to provide him a reasonably safe scaffold or gangway on which to work, and a reasonably safe wheelbarrow with which to work; that the gangway was dangerous for want of a guard rail or other guard on its westerly side, and that the wheelbarrow was out of repair and that its wheel wabbled when used in hauling brick. Defendant in error received his injuries by falling with the wheelbarrow full of bricks off the gangway leading from the second story of the building in course of construction to the flat roof of a one story building. The space between the two buildings was about six or seven feet. The gangway consisted of three planks ten inches wide, two inches thick and twelve feet long, securely nailed and made solid through the south door of the building southwesterly to the roof of the smaller building, making about a forty-five degree angle with the buildings and having a slightly declined surface from the larger to the smaller building. A plank ten inches broad and two inches thick was erected as a railing on the easterly side. There was no railing or like device on the westerly side of the gangway. The defendant in error fell a distance of fifteen or twenty feet on top of his load of brick and was rather seriously injured. He had worked for plaintiff in error nine weeks before the injury, digging dirt and hauling brick at other places about the buildings, but had not been on this gangway before the day of his injury.

A. E. TEFFY, for plaintiff in error.

BURTON & KANNALLY, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Plaintiff in error urges here as his principal reason for a reversal of the judgment that the defendant in error assumed the risk.    He argues that the gangway was not dangerous; and that if it was dangerous, defendant in error should not recover because he knew and appreciated the dangers and continued to work without complaint.    It was a question for the jury to finally decide under the evidence whether or not the gangway as constructed by plaintiff in error was reasonably safe for the defendant to wheel brick over it, the purpose for which it was made.    The evidence clearly showed that the gangway had no rail or other like contrivance to guard against the danger of falling from the scaffold on its westerly side.    The declined surface of the gangway, the sharp angle or turn toward that side as it was crossed from the large. building, together with the further fact that the doorway being narrow necessitated considerable pressure to urge the wheelbarrow through on to the gangway, warranted the conclusion of the jury that the gangway was not reasonably safe, and that injury thereby to defendant in error might have been reasonably apprehended.    It is true that it was testified to by one of the employes of plaintiff in error that the wheelbarrow passed readily through the door without friction, and that the wheel of the wheelbarrow did not wabble, while the defendant in error testified directly the opposite.    The defendant in error however is corroborated somewhat by his witness, Barozykowski, and the fact that boards were nailed on the sides of this door to prevent scarring it by contact with the wheelbarrow.    The defendant in error also testifies that he

never had been on this gangway before he was injured. He is corroborated somewhat by his said witness, and upon this we have the same conflict of testimony.     It is also claimed by the defendant in error that the wall on the west side of the doorway at the entrance to the gangway prevented him from seeing that the westerly side of the gangway had no rail or guard, as the gangway made a sharp turn to the right just out of the door.     The jury were therefore warranted in finding that the defendant in error knew nothing of the dangers of that construction until he forced his wheelbarrow through the door and onto the declined gangway on the very first trip when he was injured, and that his knowledge came too late to save him from the danger..     The defendant in error no doubt knew that the wheel of his wheelbarrow was wabbling, if it did wabble; but the proximate cause of the injury, as the jury evidently found, was the unprotected condition of the gangway, the want of a rail or other like guard. The defendant in error said he was injured on his very first trip over the gangway, and then said: "When I pushed the wheelbarrow in through the doorway, the leg of the wheelbarrow hit the end of the plank that was there and knocked the handles out of my hand, and the force or weight of the wheelbarrow hit me on the legs, and I did not have nowheres to get a hold of, so I fell down."

It is the duty of the master to use reasonable care to provide the servant with a reasonably safe place in which to work.     The defendant in error had a right to assume that plaintiff in error had discharged that duty, and to act upon such assumption in the absence of knowledge or means of knowledge to the contrary. C. & A. R. R. Co. v. Maroney, 170 Ill. 524.

Whether or not the defendant in error had such knowledge, or had knowledge of facts from which it might be inferred he knew of the danger, was a question of fact to be passed on by the jury.     Pioneer

Construction Co. v. Howell, 189 Ill. 125.

The plaintiff in error had notice of the defect because it was his own structure and built by himself. The jury were also warranted in their finding that the defendant in error was not guilty of negligence.

Plaintiff in error also complains of the giving of two instructions, one based on the city ordinance, and the other bearing on the rule of law as to the master's duty to provide a reasonably safe place, etc. The only error assigned in this record as to the court's giving or refusing to give instructions to the jury, is as to the court's refusal to give the peremptory instruction to find the defendant not guilty. Error not assigned cannot be considered by this court. Maroni v. Paitson, 128 Ill. App. 205; Watke v. Stine, 214 Ill. 563.

There are other errors assigned by plaintiff in error, but they are not argued nor insisted on in his brief and therefore are waived. Acme Harvester Co. v. Chittick, 132 Ill. App. 611.

Finding no reversible error in this record, the judgment is affirmed.

*Affirmed.*