CHARLES W. SCHANNO v. ST. PAUL CITY RAILWAY COMPANY.[1]

October 15, 1909.

Nos. 16,227—(16.) [2]

**Looking before Crossing Street Railway Track.**

The failure of a person to look and listen before attempting to cross a street railway track is not, as a general rule, negligence per se; but when the undisputed evidence establishes exceptional circumstances, which so conclusively indicate negligence in failing to look or listen that there can be no reasonable basis for drawing a different conclusion, the question is one of law.

**Contributory Negligence Proved.**

Evidence considered, and *held*, that the trial court correctly dismissed this action on the ground that the plaintiff's contributory negligence had been conclusively established.

Action in the district court for Ramsey county to recover $727 for personal injuries suffered by plaintiff from a collision with defendant's street car. The answer alleged the contributory negligence of plaintiff. The case was tried before Olin B. Lewis, J., who dismissed the action at the close of plaintiff's case. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Walter L. Chapin,* for appellant.

*W. D. Dwyer,* for respondent.

START, C. J.

On the morning of May 2, 1908, at about 9:30 o'clock, the plaintiff, while driving in a covered milk wagon along Selby avenue, near the point where it crosses Lexington avenue, in the city of St. Paul, was run into by the defendant's street car. The wagon was wrecked, the milk spilled, and the plaintiff personally injured to some extent, by reason of the collision, and he brought this action in the district court of the county of Ramsey to recover the damages so sustained on the alleged ground that the collision was caused by the alleged

[1]Reported in 122 N. W. 783.
[2]October, 1909, term calendar.

negligence of the defendant. On the trial of the action, and at the close of the plaintiff's case, the trial court, on motion of defendant, dismissed the action on the ground that the evidence showed as a matter of law that the plaintiff was guilty of contributory negligence. He appealed from an order denying his motion for a new trial.

The alleged negligence on the part of the defendant was that the car was carelessly operated, and the evidence was sufficient to take the case to the jury on the question of the defendant's negligence. The sole question, then, for our consideration, is whether the undisputed evidence conclusively establishes the plaintiff's contributory negligence in the premises. The evidence tended to establish these facts: The grade of Selby avenue rises at the rate of four feet to the hundred for four hundred feet next west of the point of the collision, over which the defendant operated by electricity two or more lines of street cars. Cars coming from the west were accustomed for some years to run down this grade frequently and rapidly, and at a rate of speed three or four times greater than the plaintiff was accustomed to drive his team thereon, all of which he well knew; for in the prosecution of his business of delivering milk to his customers he was accustomed to drive daily along Selby avenue at this point. On the morning in question he was seated in his milk wagon, the body of which was eight and one-half feet long and so inclosed that when he was seated in the wagon he could see out of the rear thereof only through a window six by ten inches, and out of the sides of the wagon by leaning forward and looking through glass panels. He was, on the morning in question, driving down Selby avenue parallel with and on the south side of defendant's railway track, going east toward Lexington avenue. When he reached a point four hundred feet therefrom, where the grade begins to descend, he looked through the rear window of his wagon and saw a car coming two or three blocks away. He kept on down the grade, without again looking for the car, although he knew that it was following him, driving his team at the rate of five miles an hour. He thought the car was far enough away so that he could make the crossing as usual, and gave no further thought to the car. When he reached Lexington avenue he

started at an angle across defendant's railway track, to go north along that avenue, when his wagon was struck and wrecked by the oncoming car. His horses were not injured. He did not hear any ringing of bells or other warning from the car behind him. On his cross-examination he testified as follows:

"Q. And you thought on the top of the hill, 'Now, there is time for me to cross this track and get down the hill.' That was your idea? A. Yes, sir. Q. And you were interested with Mr. Schmidt talking on other subjects? A. Yes, sir. Q. And as you came down the hill, and down near Lexington avenue here, driving along about five miles an hour— A. About five miles an hour, I should think. Q. Of course, you didn't look for a car then? A. No, sir. Q. Didn't pay any attention at all as to the car coming, did you? A. No, sir. Q. And the first you knew was that your wagon was running along and tipping over? A. Yes, sir."

The law applicable to these facts is well settled. The general rule is that the failure of a person to look and listen before attempting to cross a street railway track is not negligence per se; but when the undisputed evidence establishes exceptional circumstances, which so conclusively indicate negligence in failing so to look or listen that there can be no reasonable basis for drawing a different conclusion, the question is one of law. Shea v. St. Paul City Ry. Co., 50 Minn. 395, 52 N. W. 902; Watson v. Minneapolis St. Ry. Co., 53 Minn. 551, 55 N. W. 742; Hickey v. St. Paul City Ry. Co., 60 Minn. 119, 61 N. W. 893; Terien v. St. Paul City Ry. Co., 70 Minn., 532, 73 N. W. 412; Shindelus v. St. Paul City Ry. Co., 80 Minn. 364, 83 N. W. 386; Smith v. Minneapolis St. Ry. Co., 95 Minn. 254, 104 N. W. 16; Bremer v. St. Paul City Ry. Co., 107 Minn. 326, 120 N. W. 382. We are of the opinion, upon a full consideration of the undisputed evidence, that this case falls within the exception to the general rule, and that the trial court correctly dismissed the action on the ground that the plaintiff's contributory negligence had been conclusively established.

Order affirmed.