## McCAMBLEY v. STATEN ISLAND M. R. CO.

(Supreme Court, Appellate Division, Second Department. July 11, 1898.)

1. STREET RAILROAD—COLLISION WITH WAGON.

In an action for negligence, resulting in a collision, the plaintiff contended that at the time, with a clear view of the defendant's track for more than 1,000 feet, his wagon was standing close to the track, and that defendant's car collided with it, without effort on defendant's part to prevent the accident, while the defendant introduced evidence that the wagon was several feet from the track until the car was 50 feet away, and that plaintiff then seized the horse, and frightened him so that he backed into the position where the collision occurred. *Held*, that the evidence presented a proper question to be passed on by the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.

While the violation of a local ordinance, prohibiting the owners of horses from leaving them unattended in the street, and not fastened, is not negligence per se, as matter of law, it is competent evidence, and sufficient to justify the jury in finding as a fact that its violation was negligence.

Appeal from trial term, Richmond county.

Action by Felix McCambley against the Staten Island Midland Railroad Company. From a verdict for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Harcourt Bull, for appellant.
William J. Powers, for respondent.

WOODWARD, J.   We are unable to agree with the learned counsel for the defendant that the case made by the plaintiff was insufficient to justify submitting the questions involved to the jury.   This is an action for negligence, and, while it may be argued with much of plausibility that the evidence of the plaintiff in reference to the position of the wagon at the time of the collision was not inconsistent with the evidence of the defendant, which evidence tended to show an entire absence of negligence on the part of the defendant, we are of opinion that there was a sufficient conflict of evidence to justify the trial court in submitting the case to the jury.   The plaintiff had left his horse standing between the tracks of the defendant.   It was 18 feet between the up track and the down track.   The plaintiff contends that at the time of the collision, with a clear view of the track for more than 1,000 feet, his wagon was standing within 6 inches of the track, and that the car collided with the wagon, without any effort to prevent the accident.   The defendant, on the other hand, introduced evidence to show that the wagon was from 3 to 5 feet from the track when the car was 40 to 50 feet away, and that the plaintiff, grabbing the horse by the bits, so frightened him that he backed the wagon into the position in which it came into collision with the car.   Without any reference to the exact language used by the witnesses in describing the accident, these two theories of the occurrence were in evidence, and it was proper that the jury should pass upon them.

The fatal error in this case is the charge of the trial court, taken

in connection with the refusal to charge as requested by the defend-
ant. It was said:

"Now, as to the ordinance,—the fact of plaintiff's disregard or violation of
the ordinance,—if you find that he violated it, that of itself is not sufficient
evidence of his negligence. You are to take the ordinance with all the evidence
in this case, and from the whole evidence determine that question."

Counsel for defendant asked the court to charge that:

"In this case it has been proved that an ordinance of the village in which
Broad street lies required the plaintiff not to leave his horse unattended in the
street unless the horse was securely tied or fastened; and it is undisputed that
the plaintiff was acting in violation of this ordinance when the accident hap-
pened. Now, if you will find that this accident was to any extent due to this
violation of this ordinance by the plaintiff, then your verdict must be for the
defendant."

This was refused, except as charged, and the defendant excepted.
Now, while the request of the defendant was erroneous in asking more
than it was entitled to, still it is equally clear that the charge of the
court was erroneous in failing to give the defendant the full benefit
of the ordinance. The effect of such a municipal ordinance is set-
tled by the decision in Knupfle v. Knickerbocker Ice Co., 84 N. Y. 488.
Its violation is not negligence per se, as a matter of law, and conclusive
evidence on the question, but it is competent evidence, and sufficient
to justify the jury in finding as a fact that its violation was negli-
gence. The charge of the court that the violation of the ordinance
was insufficient for the jury to find negligence was, therefore, error.
Its violation should have been submitted to them as a fact. It was
not disputed that the plaintiff had left the horse in the street without
fastening. The question was not whether the plaintiff was there in
charge of his horse at the exact moment of collision, but whether the
leaving of the horse in the highway without hitching, in violation of
the ordinance, was negligence which contributed to the accident. If
it did, then the presence of the owner, who had run out and grabbed
the horse by the bits, as is contended, did not operate to relieve him
of the negligence which the jury might have found was involved in
violating the ordinance. It was for the jury to say whether this
accident would have occurred had the plaintiff acted within the rule
laid down by the ordinances for the safety of those lawfully using the
highways of the village, and because the charge of the trial court failed
to place this question clearly before them the order denying the mo-
tion for a new trial should be reversed, and a new trial granted; costs
to abide the event. All concur.