"It cannot be said that * * * it was intended to restrict that power by reference to the territorial jurisdiction conferred upon county courts, but rather to restrict their jurisdiction as to subject-matter and persons, and not as to locality."

The courts of justices of the peace throughout the state have, and have had long anterior to the constitutional amendment, jurisdiction of the person of any defendant who might be found in the county; and, even when the defendant could not be found in person, could acquire jurisdiction by attachment if property of the defendant could be seized within the county. This is the case with foreign corporations. Subdivision 2, § 2906, Code Civ. Proc.; section 2865, Id. District courts in the old city of New York and courts of justices of the peace in the old city of Brooklyn had similar jurisdictions; but, if the doctrine of the appellate term is to control, wherever new cities or villages are hereafter created, and given local courts, the system of collecting small debts in the case of nonresidents, whether corporations or individuals, which has prevailed so long and without criticism on its efficiency or its propriety, will be abrogated, and every claim, no matter how small its amount, must be either prosecuted in the supreme court, or the claimant remitted to the local court at the defendant's residence to enforce its payment. No such unreasonable intent should be imputed to the constitution makers, nor is the language such as requires this result. No one could suppose that to confer upon a new tribunal a jurisdiction which has long been exercised by justices of the peace would give it greater power or dignity than the county court.

The judgment appealed from should be affirmed, with costs.

---

## BUYS v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, Second Department. November 28, 1899.)

STREET RAILROADS—NEGLIGENCE—CITY ORDINANCE—VIOLATION—EVIDENCE.

> A city ordinance giving ambulances the right of way, being one of the restrictions under which a street railroad operated its cars, is admissible in an action for injuries by a street car colliding with an ambulance, since violation of an ordinance is some evidence of negligence.

Appeal from trial term, Kings county.

Action by Thomas A. Buys against the Third Avenue Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Herbert A. Limburger (Henry L. Scheuerman and Harold Griffing, on the brief), for appellant.

James C. Cropsey, for respondent.

WOODWARD, J. This is an action for damages for personal injuries sustained by the plaintiff in a collision with one of the cars of the defendant company at the intersection of East Fifty-Eighth street and Third avenue, in the borough of Manhattan.

The plaintiff, on the 19th of January, 1898, was the house surgeon of the Flower Hospital, and, in the absence of the ambulance surgeon, responded to an ambulance call, which came into the hospital. The ambulance was driven by one McCoy, and the plaintiff sat on the rear seat, facing the front, in the manner customary with ambulance surgeons. It was necessary to pass through East Fifty-Eighth street going in a westerly direction, and in crossing Third avenue the rear wheel of the ambulance was struck by a cable car of the defendant, running south, the vehicle being badly damaged, and the plaintiff thrown to the pavement, sustaining the injuries which constitute the basis of this action. There was evidence from which the jury might properly conclude that the defendant was guilty of negligence, and that the plaintiff was free from negligence contributing to the accident; and, on the questions being submitted, the jury returned a verdict for $500. The defendant appeals from the judgment entered upon this verdict, and from the order denying a motion for a new trial upon the minutes.

A careful examination of the matters called to the attention of this court by the defendant's counsel leads to the conclusion that there was no reversible error on the part of the learned trial court. It has been held that a violation of a municipal ordinance was some evidence of negligence (Knupfle v. Ice Co., 84 N. Y. 488; McCambley v. Railroad Co., 32 App. Div. 346, 52 N. Y. Supp. 849), and it was proper on this trial to place before the jury the ordinance of the city of New York giving to ambulances the right of way, as that was one of the restrictions under which the defendant company operated its cars. At street intersections the rights of all vehicles, in the absence of municipal or statutory regulations, are equal, but considerations of humanity step in, and determine that ambulances shall have the right of way, and the defendant owed the duty to the public of operating its cars with reference to that ordinance. The duty to give the right of way is not absolute; it must "yield the right of way where possible" (section 370 of the Ordinances of New York); and it was proper that the jury should have this ordinance in view when determining the question of the defendant's negligence.

The judgment and order appealed from should be affirmed, with costs. All concur.