# LEONARD BARTROOT v. ST. PAUL CITY RAILWAY COMPANY.[1]

May 1, 1914.

Nos. 18,455—(66).

**Contributory negligence — evidence.**

In this action to recover damages to an automobile caused in a collision with a street car, it is *held* that a finding that plaintiff was not guilty of contributory negligence is not sustained by the evidence.

Action in the municipal court of St. Paul to recover $154.69 with interest. The case was tried before Finehout, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying its motion for a trial, defendant appealed. Reversed.

*W. D. Dwyer,* for appellant.
*Drill & Drill,* for respondent.

BUNN, J.

Plaintiff's automobile and a street car came into collision at the corner of St. Peter and Exchange streets in St. Paul on the morning of September 2, 1912. The automobile was injured, and this action was brought to recover the expense of repairs made necessary. The complaint alleged that plaintiff was driving the automobile in due and lawful manner, and that the collision was caused by negligence in the operation of the street car. The answer, in addition to a general denial, alleged contributory negligence, which was denied in the reply. The issues were tried by the court without a jury, and de-

[1] Reported in 146 N. W. 1107.

Note.—As to the duty of the operator of an automobile when near street cars, see note in 38 L.R.A.(N.S.) 493.

The authorities on the question of the care required of driver of automobile at railroad crossing are reviewed in notes in 21 L.R.A.(N.S.) 794; 29 L.R.A. (N.S.) 924; and 46 L.R.A.(N.S.) 702.

cision rendered finding that the allegations of the complaint were true, and that the damages were caused by the negligence of defendant's servants in the manner in which the street car was operated. Defendant appealed from an order denying a new trial.

The assignments of error challenge the findings on the issues of defendant's negligence and contributory negligence of plaintiff. It is clear that the decision below was in favor of plaintiff on each of these issues. It should stand unless it is manifestly and palpably against the weight of the evidence, but it should be set aside if the evidence is manifestly and palpably against the finding on either issue.

Plaintiff testified that he approached St. Peter street from Wabasha on the right hand side of Exchange street; when he reached a point about 35 feet from the corner he looked to the left and "everything was nice and clear," he then started to go across the street, looking ahead or to the right until he was about ten feet from the street car track, when he "looked up again," and saw a street car right "on top" of him. He turned to the right, "thought [he] could get across the street," but discovered that he could not, pulled out the clutch and put on the brake, and was struck by the street car. Plaintiff estimated his own speed as he turned on discovering the car in front of him at six or seven miles per hour, and the speed of the street car at 12 miles. He testified that no bell was rung or gong sounded on the street car. Plaintiff's version of the manner in which the accident happened was corroborated by a witness who was at the time approaching St. Peter street from Wabasha driving a horse and wagon. This witness gave the same estimates of the speed of the automobile and the street car as did the plaintiff. For the defendant, in addition to the conductor and two motormen, five apparently disinterested witnesses testified. They agreed that the street car slowed down to from four to six miles per hour when it reached Exchange street, and then proceeded to cross the street at about the same speed. They observed plaintiff driving his automobile at a speed of 12 to 15 miles per hour as he approached the car tracks. In a word their testimony tended to show that the automobile struck the street car. There is corroboration of this theory in the fact that the

street car stopped within a foot after the collision, and the fact that the left front wheel of the automobile was wedged under the vestibule of the street car so that it could not be extracted until the air was let out of the tire.

Passing the question of negligence on the part of the motorman, we are unable to see how the trial court's decision that plaintiff was not guilty of negligence that at least contributed to the accident can be sustained. The ground was level and the streets dry. All of the evidence, except that given by plaintiff and his witness, tends to convict plaintiff of reckless driving. On plaintiff's own testimony, he did not look south on St. Peter street after he reached a point 35 feet from the corner, when he says he looked and saw everything was clear. At this point it is plain that plaintiff's view down St. Peter street would be obstructed by the building on the southeast corner, and that he could see but a comparatively short distance beyond. He testifies that he did not look again after getting nearer the tracks. Furthermore, if he saw the car when he was 10 feet from the track on which it was, and was running at no greater speed than he testifies to, it is almost a matter of common knowledge that he could have stopped within less than 10 feet, and have avoided the collision. Instead, he turned to the right and apparently made an effort to get across ahead of the street car. Plaintiff testifies, it is true, that he threw off the power and applied the brake, but this testimony must be considered with his evidence that he thought he could get across, and with the fact that the left wheel of his machine was wedged under the vestibule of the car, with the engine running.

It is possible that the student motorman who was running the street car under the directions of a regular motorman, did not do everything that a man of more experience would have done to avoid the collision. But we are not impressed with the truth of the claim that this dangerous crossing was being run at a high rate of speed without slowing up. But whatever the fact may be in regard to want of care on the part of defendant's servants, there is no evidence of wilful or wanton negligence that would permit plaintiff to recover though negligent himself. The exercise of care was as much his duty as it was defendant's. We are satisfied that permitting a

recovery in a case of this kind would tend to encourage the idea that some automobilists seem to have, that they have rights on the streets superior to those of street cars, teams and pedestrians. Our conclusion is that the decision of the trial court, in so far as it finds plaintiff free from contributory negligence, is not sustained by the evidence.

Order reversed and new trial granted.