MEYERS v. BARRETT.  (No. 7131.)

(Supreme Court, Appellate Division, First Department.  April 23, 1915.)

MUNICIPAL CORPORATIONS ⬅➙706—USE OF STREETS—ACTIONS—EVIDENCE.
    Under a complaint, in an action for negligent driving in the public streets of a city causing injury to a pedestrian, alleging generally negligent and reckless driving, any evidence of negligent and reckless driving is admissible, and ordinances regulating use of streets and·speed of vehicles are admissible, though not pleaded, together with evidence of their breach by defendant.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ⬅➙706.]

Appeal from Trial Term, New York County.

Action by Eugenie Meyers against William M. Barrett, as President of the Adams Express Company.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Everett, Clarke & Benedict, of New York City (Herman S. Hertwig, of New York City, of counsel, and George W. Martin, of New York City, on the brief), for appellant.

Wellman, Gooch & Smyth, of New York City (Herbert C. Smyth, of New York City, of counsel, and James B. Mackie, of New York City, on the brief), for respondent.

CLARKE, J.  The complaint alleged:

"That on or about the 27th day of February, 1913, at the intersection of Sixth avenue and Twenty-Seventh street in the borough of Manhattan, city of New York, while the plaintiff was lawfully crossing the said Twenty-Seventh street, she was struck by the said certain two-horse truck or express wagon, then and there owned, operated, managed, and controlled by the defendant and its agents, servants, and employés, by reason of the careless, negligent, and reckless driving of the driver of said truck, and his reckless and negligent management of the horses drawing the same; and the plaintiff was knocked down and seriously injured, made sick, sore, lame, maimed, and disabled, and thereby suffered damage."

Plaintiff also served a bill of particulars, in which she set forth:

"In answer to the third demand of the defendant, plaintiff alleges that the driver of the defendant's truck was careless, negligent, and reckless, in that he turned from Sixth avenue into Twenty-Seventh street at an excessive rate of speed, that he sounded no signal before approaching the crosswalk, and that, instead of proceeding to the northerly side of Twenty-Seventh street before turning therein, he cut directly into the south side of Twenty-Seventh street and attempted to cross from there to the north side thereof, and in so doing injured this plaintiff."

After she had given testimony tending to show that her injuries had been received in the manner set forth in the bill of particulars, she offered in evidence section 440, from chapter 12 of the Code of Ordinances of the City of New York entitled "Rules of the Road":

"Turning to the Left into Another Street.—A vehicle turning to the left into another street shall pass to the right of and beyond the center of the street of intersection before turning."

And section 454:

"Speed of Vehicles.—The following rates of speed through the streets of the city shall not be exceeded; that is: Eight miles an hour by bicycles, tricycles, velocipedes and motor vehicles, however propelled, or by passenger and other vehicles drawn by horses or other animals."

And section 457:

"Speed in Crossing Streets and Turning.—No vehicle shall cross any street or avenue running north and south, or make any turn at a speed rate exceeding one-half its legal speed limit."

The defendant objected, upon the ground that the ordinances were not pleaded. Having been overruled, and an exception taken, and the ordinances received, he moved to strike out the ordinances, on the ground that they were incompetent, irrelevant, and immaterial.

In his charge the learned court said, inter alia:

"And they complain that the defendant's driver turned that corner at a high rate of speed on the south or the lower corner of the street, when the plaintiff's claim is it is the regulation of the city, the ordinance of the city, that the horses and wagon should have gone to the upper side of Twenty-Seventh street and turned at the uptown corner. They say that he violated that ordinance; and the ordinance has been put in evidence in this case. The violation of the ordinance is not proof of negligence; it is not conclusive proof of negligence; it is only evidence which you may take into consideration with all the other evidence in the case when you are trying to arrive at the question as to whether or not the defendant's driver was guilty of negligence."

There were no requests or exceptions to the charge. There was presented by the evidence a fair question of fact, both as to the defendant's negligence and the plaintiff's freedom from contributory negligence, and we find no reason to interfere with the verdict of the jury.

The only question which we deem it necessary to consider is that growing out of the receipt in evidence of the ordinances, which were not pleaded. The general rule is that when observance of an ordinance is a condition precedent to a right of action, or where an action is based upon an ordinance, it must be alleged, as well as proved. But the action at bar is not to enforce an ordinance or to recover a penalty for the violation thereof. It is an action in negligence for reckless and careless driving in the public streets. The allegation in the complaint is general, and thereunder any evidence tending to show such negligent and careless driving was admissible. The ordinances and the breach thereof were offered and received, not as conclusive evidence of negligence, but as some evidence which the jury might take into consideration. Upon principle it would seem that, as mere evidence, it would have been improper to have pleaded the ordinances, as ultimate facts, and not evidence, should be set forth in a complaint. Upon authority we find the following:

In Jetter v. New York & Harlem R. R. Co., *41 N. Y. 154, in an action for negligence, plaintiff put in evidence the ordinance of the city forbidding cars from turning a corner faster ·than a walk or to

travel in the street faster than six miles an hour.   Defendant excepted to so much of the charge as referred to the rate of speed of the car when turning the corner, and the defendant's liability consequent upon the turning of a corner at a greater speed than allowed by the ordinance.   The Court of Appeals said, in referring to the charge in regard to the city ordinance:

"Every person traversing the streets of the city of New York has a right to feel that its municipal laws are to some extent a protection to his person through the obedience they exact and will receive from others.   And although he has no right to place a blind reliance on such obedience and put himself in positions of danger, regardless of personal risk, yet, where no danger is manifest, and none can arise without a violation of an ordinance, it is not negligence to assume that nobody will bring it upon him by a breach of the ordinance."

In Beisegel v. N. Y. C. R. R. Co., 14 Abb. Prac. (N. S.) 29, an ordinance of the city of Rochester prohibiting the running of engines by any railroad company at the place where the injury was received at any greater speed than eight miles an hour, and imposing a penalty of $50 for each offense, was received in evidence.   The trial judge in substance charged the jury that if they were satisfied from the evidence that the engine was so running at the time, and this excessive speed beyond what the ordinance permitted contributed to the injuries received by the plaintiff, it was some evidence of negligence of defendant.   Judge Grover of the Court of Appeals said:

"The exceptions taken by the defendants' counsel to this part of the charge, and to the competency of the ordinance as evidence, present the question whether this part of the charge was correct."

After considering Brown v. Buffalo & State Line Railroad Co., 22 N. Y. 191, and showing that it was substantially overruled in the Jetter Case, supra, he said:

"Ordinances passed by municipal corporations, pursuant to the powers of local legislation conferred upon them by the Legislature, have the same effect as laws in the localities where thus adopted, as if enacted by the Legislature, * * *" and hold that the act, being forbidden by ordinance, was unlawful. "The question then is whether the unlawfulness of the act by which another receives an injury is any evidence against the party committing the act.   Thus stated, the question can only be answered in one way.   That answer shows that the charge in this respect was not erroneous."

I have examined the record on appeal in the following cases in negligence; in none does the complaint, where the plaintiff offered the ordinance to show the negligence of the defendant, or the answer, where the defendant offered it to show plaintiff's contributory negligence, contain any reference to the ordinance.

The ordinance was offered by plaintiff, and received without objection, in Massoth v. Delaware & Hudson Canal Co., 64 N. Y. 524, Rainey v. N. Y. C. & H. R. R. R. Co., 68 Hun, 495, 23 N. Y. Supp. 80, and Cushing v. Metropolitan Street Railway Co., 92 App. Div. 510, 87 N. Y. Supp. 314.   In each case on appeal the ordinance was held properly admissible as some evidence of negligence.   In Reed v. Mayor, 31 Hun, 311, the ordinance was offered by defendant, objected to, and excluded by the trial court.   Held error on appeal.

In McCambley v. Staten Island Midland R. R. Co., 32 App. Div. 346, 52 N. Y. Supp. 849, defendant offered an ordinance, which was received without objection. The court refused the charge asked by defendant, based on the violation of this ordinance. The Appellate Division in the Second Department reversed the judgment for the plaintiff saying:

"The charge of the court was erroneous in failing to give the defendant the full benefit of the ordinance. The effect of such a municipal ordinance is settled by the decision in Knupfle v. Knickerbocker Ice Co., 84 N. Y. 488. Its·violation is not negligence per se as a matter of law, and conclusive evidence on the question; but it is competent evidence, and sufficient to justify the jury in finding, as a fact, that its violation was negligence."

In McCarragher v. Proal, 114 App. Div. 470, 100 N. Y. Supp. 208, the defendant offered an ordinance as to the right of way and speed, which was admitted over objection and exception. This court, Mr. Justice Laughlin writing, reversed a judgment for the plaintiff for error in the charge, which left to the jury the question of whether the ordinance was applicable, saying:

"It is evident, therefore, that the *ordinance was applicable.* * * * The validity of this ordinance, and of similar ordinances and statutes, has been sustained by the courts, and it has been held that the rights of the traveler to whom the right of way is given are superior."

In McGrath v. N. Y. C. & H. R. R. Co., 63 N. Y. 522, the ordinance offered by the plaintiff was objected to and excluded under exception. Defendant had a verdict. Reversed, and new trial ordered, for error in excluding the ordinance.

In Briggs v. N. Y. C. & H. R. R. Co., 72 N. Y. 27, complaint alleged that plaintiff's icehouse was destroyed by fire caused by negligence of the defendant. Plaintiff offered in evidence an ordinance of the city of Buffalo providing that no pipe of any stove should be put up unless it be conducted into a chimney made of brick or stone, with other provisions. Objected to as irrelevant and incompetent. Overruled, and exception. The court charged, inter alia:

"That putting up the stovepipe in the switchhouse in a manner forbidden by the city ordinances was evidence of negligence by the defendant which the jury had a right to take into consideration."

Excepted to. In its brief in the Court of Appeals the defendant elaborately argued that the ordinance was improperly received in evidence. Held no error in allowing the jury to take the violation of the ordinance into consideration.

In Knupfle v. Knickerbocker Ice Co., 84 N. Y. 488, plaintiff offered an ordinance, which was objected to as incompetent, irrelevant, and immaterial. Overruled, and exception taken. The defendant also excepted to the refusal of the court to charge that:

"Under the facts of this case the section of the city ordinance read in evidence by plaintiff has nothing to do with the case and must be disregarded by the jury."

The General Term affirmed, saying:

"There is no force in the exception to the admission of the ordinance. * * * Such evidence is always admissible on the question of negligence."

In its brief on appeal to the Court of Appeals defendant urged its exception to the admission of the city ordinance. That court said:

"We think there is no question as to the admissibility of such testimony. * * * The result in the decisions, therefore, is that the violation of the ordinance is some evidence of negligence, but not necessarily negligence."

In Cumming v. Brooklyn City Railway Co., 104 N. Y. 669,[1] tried before Mr. Justice Cullen, the ordinance was offered by the plaintiff, and received over objection and exception. The judgment for the plaintiff was affirmed by the Court of Appeals.

In Donnelly v. City of Rochester, 166 N. Y. 315, 59 N. E. 989, plaintiff slipped and fell into an areaway 6 feet wide and 12 feet deep in a public street, guarded by a rail about 2½ feet high. He sued the owner, who had constructed and maintained it, and the city, which had knowledge of the condition. The plaintiff offered an ordinance which required a railing at least 3½ feet high. Objected to as immaterial, irrelevant, and incompetent. The trial court dismissed the complaint. The Court of Appeals reversed; Cullen, J., saying:

"This action is not brought to impose liability upon the city for failing to enforce its ordinances, but for default in its own primary duty to maintain its streets reasonably safe and secure for travelers thereon. * * * The gist of this action is negligence, and the case was so treated in the trial court. * * * The presence of a deep excavation along the line of the sidewalk, unless sufficiently guarded, necessarily created danger. The defendant s own ordinance prescribed 3½ feet as a proper height for such railings. Though a violation of the ordinance is not negligence per se, it is some evidence of negligence."

The precise question involved on this appeal arose in Biot v. Brooklyn Heights Railroad Co., 23 App. Div. 625, 48 N. Y. Supp. 1100. That was an action in negligence, and an ordinance was admitted over the objection that it was not pleaded. The judgment for the plaintiff was unanimously affirmed, without opinion.

Buys v. Third Avenue Railroad Co., 45 App. Div. 11, 61 N. Y. Supp. 113, was an action in negligence. Plaintiff, a physician, was seated in an ambulance and was injured as the result of a collision with a car of the defendant. An ordinance providing for right of way was offered, and was objected to as incompetent, irrelevant, and immaterial, and not pleaded, and was admitted over exception. The point that the ordinance was not pleaded, and hence inadmissible, was fully argued in the brief on appeal. In affirming a judgment for the plaintiff, Mr. Justice Woodward said:

"A careful examination of the matters called to the attention of this court by the defendant's counsel leads to the conclusion that there was no reversible error on the part of the learned trial court. It had been held that a violation of a municipal ordinance was some evidence of negligence (citing cases), and it was proper on this trial to place before the jury the ordinance of the city of New York, giving to ambulances the right of way, as that was one of the restrictions under which the defendant company operated its cars. * * * The duty to give the right of way is not absolute; it must 'yield the right of way where possible' (section 370 of the Ordinances of the City of New York); and it was proper that the jury should have this ordinance in view when determining the question of the defendant's negligence."

It thus appears that since 1865, in actions for negligence, upon pleadings containing no reference to the ordinance, our courts have received

[1] 10 N. E. 855.

municipal ordinances and proof of the violation thereof as some evidence of negligence, when offered by either plaintiffs or defendants, first, without objection; second, over general objection; third, over objection to their competency, relevancy, and materiality; and, fourth, over the objection that they were not pleaded. It is too late to question this long-established rule.

The judgment and order appealed from should be affirmed, with costs to the respondent. Order filed. All concur.