# GEORGE A. HORMEL & COMPANY v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

July 23, 1915.

Nos. 19,311—(221).

**Evidence.**

　　1. The evidence is *held* sufficient to sustain the verdict.

**Contributory negligence.**

　　2. The issue as to whether or not plaintiff was guilty of contributory negligence was properly submitted to the jury.

**New trial — newly discovered evidence.**

　　3. The granting of a new trial for newly discovered evidence rests largely in the discretion of the trial court, whose action will not be questioned except where there is a clear abuse of discretion; the refusal of the trial court to grant a new trial on the ground of newly discovered evidence *held* not error.

Action in the municipal court of Minneapolis to recover $397 for injury to plaintiff's automobile truck caused by the careless operation of one of defendant's street cars. The case was tried before Montgomery, J., and a jury which returned a verdict for the amount demanded. From the order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*W. Y. Smiley* and *N. M. Thygeson,* for appellant.

*Trafford N. Jayne,* for respondent.

SCHALLER, J.

Action for damages for injury to plaintiff's automobile truck, sustained in a collision with one of defendant's street cars January 9, 1913. The complaint alleges negligence on the part of defendant in

[1] Reported in 153 N. W. 867.

Note.—As to duty of operator of automobile when near street cars see note in 38 L.R.A.(N.S.) 493.

operating its car. The answer denies negligence and charges that the injuries were due to the negligence of plaintiff.

On January 9, 1913, plaintiff's automobile delivery truck, in charge of its chauffeur, was proceeding along Second Avenue North, going in a southwesterly direction toward Fifth Street North in the city of Minneapolis. The auto truck collided with one of defendant's cars coming from an easterly direction at the intersection of Second Avenue and Fifth street, damaging the truck.

The record discloses evidence tending to show that plaintiff's chauffeur was a man of some experience, that he was familiar with the operation of street cars at the locality of the accident; that he knew that street cars always ran by this point at a low rate of speed; that he never saw a car come down that grade rapidly until the moment of the collision; that he first saw the street car when it was half a block or more from the crossing; that he was then between 30 and 35 feet from the nearest rail of defendant's track; that he slowed down, disengaged his clutch and applied the brake; that he then let in the clutch and proceeded slowly at about five miles per hour until he was about seven feet from the rail when, observing that the car was coming at greatly increased speed, he put on the brakes, but was hit before he could stop his truck; that the car increased its speed as it came down the incline so that it was going at the rate of 25 miles per hour or more when the collision occurred; that there was snow and ice on the streets; that the motorman complained that there was no sand on the tracks; that the force of the collision landed the heavy truck a distance of more than 30 feet west and seven feet north of the point where the vehicles met; that the front end of the street car, when it was finally stopped, was at a distance slightly exceeding 100 feet from the point where the collision occurred.

1. The evidence was distinctly conflicting and there was a sharp contradiction of plaintiff's claims. The number of witnesses and the weight of the evidence may possibly have been with defendant, but, where there is evidence to support the verdict, we cannot interfere in the province of the trial court and jury.

2. Defendant strenuously contends that the motion for an in-

structed verdict should have been granted because the record discloses that plaintiff's chauffeur was guilty of contributory negligence as a matter of law, and in support of this contention cites, among others, the cases of Bartroot v. St. Paul City Ry. Co. 125 Minn. 308, 146 N. W. 1107, and Schanno v. St. Paul City Ry. Co. 109 Minn. 43, 122 N. W. 783. Other cases from other jurisdictions are cited in this connection, all of which have been examined with reference to the question under consideration.

The question whether or not plaintiff's chauffeur was guilty of contributory negligence was primarily for the jury. It is only when, upon the undisputed facts, no other conclusion can be arrived at by reasonable minds that courts will hold a party guilty of contributory negligence as a matter of law.

Each case necessarily depends upon its own facts. There are no two cases exactly alike. An examination of the decisions in other cases will always assist the court in arriving at a correct conclusion, but in the determination of a case, it must eventually rest upon its own facts. Unless such undisputed facts will lead reasonable minds to no conclusion other than that plaintiff was negligent and that such negligence contributed to the injury, the question remains for the jury. It is not a question of law for the court. Under the evidence disclosed by the record, it cannot be held that plaintiff was conclusively shown to be guilty of contributory negligence. The issue was properly submitted to the jury, whose verdict has been approved by the trial court. It will not be disturbed.

3. Error is assigned that the trial court denied the motion for a new trial because of newly discovered evidence which could not, with reasonable diligence, have been produced on the trial.

The granting of a new trial for newly discovered evidence rests largely in the discretion of the trial court, and this discretion will not be questioned except where there is a clear abuse thereof. Bunker v. United Order of Foresters, 97 Minn. 361, 107 N. W. 392; State v. Sheltrey, 100 Minn. 107, 110 N. W. 353, 10 Ann. Cas. 245; Sprague v. Wisconsin Central Ry. Co. 104 Minn. 58, 116 N. W. 104; Ewing v. Stickney, 107 Minn. 217, 119 N. W. 802; 2 Dunnell, Minn. Digest, § 7123, et seq.

An examination of the record discloses that an effort was made to secure the presence of the motorman, Einar Pederson, who, between the date of the accident and the date of the trial, had changed his name to Einar Balstad. The affidavits further disclose that Balstad at the time of the trial was absent from the city of Minneapolis and, at the date of his first affidavit (December 9, 1914), was working in the state of North Dakota. It further appears that Balstad, if sworn as a witness, would contradict the testimony of the plaintiff's chauffeur in several particulars. It does not appear that any motion for continuance was made on the ground of the absence of this witness or on the ground that his attendance could not be procured. Other affidavits were presented showing what efforts had been made to procure the attendance of the witness.

The trial court whose duty it was to pass on the question in the first instance has, in the exercise of its discretion, refused to grant a new trial on the ground of newly discovered evidence. We cannot hold that the court abused its discretion in so ruling.

Order affirmed.