HOWARD REED, PLAINTIFF-RESPONDENT, v. PUBLIC SER-
VICE RAILWAY COMPANY, DEFENDANT-APPELLANT.

Submitted July 8, 1916 –Decided November 8, 1916.

The provisions of paragraph 1 of section 4 of the "Traffic act" of
1915 (*Pamph. L., p.* 285), requiring every driver of a vehicle
approaching the intersection of a street or public road to grant
the right of way at such intersection to any vehicle coming from
the right, does not impose this duty upon the motorman of a
street car.

On appeal from the District Court.

Before Justices GARRISON, PARKER and BERGEN.

For the respondent, *John Warren.*

For the appellant, *Leonard J. Tynan* and *Joseph Coult, Jr.*

The opinion of the court was delivered by

PARKER, J.   The question to be determined is whether
paragraph 1 of section 4 of the "Traffic act" of 1915 (*Pamph.
L., pp.* 285, 289), providing that "every driver of a vehicle
approaching the intersection of a street or public road shall
grant the right of way at such intersection to any vehicle
coming from his right" is binding upon the motorman of a
street car.

The circumstances giving rise to the suit were that as a
trolley work car with a trailer was moving southward along
Monticello avenue in Jersey City, an automobile came east-
ward out of Jewett avenue, an intersecting street, and was
struck by the trolley car while crossing in front of it.

The court charged the jury that if they should find that
"both vehicles reached the intersection at the same time, that
the vehicle on the right (the automobile) had the right of
way." This was excepted to and repeated in a slightly dif-
ferent form and another exception noted.

If a street car is not a "vehicle" in the intendment of the statutory language quoted, the instructions complained of were erroneous, because unless the statute applies, the common law rule laid down in *New Jersey Electric Railway Co.* v. *Miller,* 59 *N. J. L.* 423, would control the situation. That rule is that the driver of the automobile would have the right of way if proceeding at a rate of speed which under the circumstances of the time and locality, was reasonable, he should reach the point of crossing in time to go safely upon the tracks in advance of the approaching car, the latter being sufficiently distant to be checked, and if need be, stopped before it should reach him. See also *Weinberger* v. *North Jersey Street Railway Co.,* 73 *Id.* 694; *Peterpolo* v. *Public Service Railway Co.,* 81 *Id.* 390.

. The lengthy title of the act in question states that it is for the "regulation of vehicles, animals and pedestrians on all public roads and turnpikes." At the outset it defines a "vehicle" as including "equestrians, led horses and everything on wheels or runners, except street railway cars and baby carriages, unless otherwise specified." This specific exception is fortified by the definition of the word "driver" in the next paragraph (section 1, subsection 2), as including "the rider or driver of a horse, bicycle or motorcycle, and driver or operator of a motor vehicle, unless otherwise specified." The exclusion of street cars from the category of vehicles is further indicated by paragraphs immediately following, requiring that a vehicle shall keep to the right; a vehicle meeting another shall pass to the right; a vehicle overtaking another shall pass on the left side, and the vehicle overtaken shall bear to the right; a vehicle turning into another road to the right shall turn the corner as near to the right-hand boundaries of the road as possible. Several similar provisions follow, all equally inapplicable to street cars; it is useless to multiply the quotations. Paragraph 10 contains specific provisions as between "vehicles" and street cars *eo nomine,* pages 287, 288.

The only provision we find that gives any plausibility to the claim that subsection (1) of section 4, relating to vehicles

coming from the right, was intended to control street cars coming from the left, is subsection (2) of the same section 4, which reads as follows:

"(2) Subject to subsection 1 of this part, street cars shall have the right of way between cross roads or cross streets over all other vehicles, and the driver or person in control of any vehicle proceeding upon the track in front of the street car shall immediately turn out on signal from the motorman or person in control of the street car."

It may be argued that the clause, "subject to subsection 1 of this part," indicates that the legislature meant subsection 1 to apply to street railroad cars; but this construction cannot be put upon it without doing violence to all that has gone before wherein street cars and vehicles are treated as different things. In fact, subsection (2) gives street cars the right of way between cross streets and the troublesome clause is only a limitation of that right.

What is evidently meant is that the duty of a vehicle in front of a car to turn out is modified by the possible exigency of meeting another vehicle coming from the right and entitled to the right of way over it.

The instruction complained of was erroneous and for this error there must be a reversal and a new trial.