## PER HALEEN v. ST. PAUL CITY RAILWAY COMPANY.[1]

### December 27, 1918.

### No. 20,985.

**Street railway — contributory negligence of automobile driver.**

　　1. Plaintiff driving an automobile approached a street car track in the night-time. He saw a street car approaching when it was 350 feet away, but kept on until he reached the track where a collision occurred. There were no distracting circumstances, except that it was dark and the road was rough. *Held*, plaintiff was negligent as a matter of law.

**Same — reliance on exercise of care by motorman.**

　　2. A traveler cannot rely on the assumption that the motorman will operate his car at a proper rate of speed, if he sees the car approaching and its speed is apparent to him.

Action in the district court for Ramsey county to recover $6,130 for injuries to plaintiff's person and property in a collision with defendant's car. The defense was negligence on the part of plaintiff. The case was tried before Hanft, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $400. From an order granting defendant's motion for judgment notwithstanding the verdict, plaintiff appealed. Affirmed.

*Albin E. Bjorklund,* for appellant.

*W. D. Dwyer* and *C. D. O'Brien,* for respondent.

HALLAM, J.

　1. Plaintiff's testimony shows the following facts: At about eleven o'clock on a Sunday evening in May, plaintiff was driving a seven passenger automobile on Hamline avenue towards Selby avenue in St. Paul. The street was rough and he was traveling from 8 to 10 miles an hour. Defendant's street car runs on Selby avenue. As plaintiff was about 100 feet from the eastbound track, he saw an eastbound car approaching about 350 feet from the crossing. Again when he was about 50 feet from the track he looked and saw the car about 175 feet away. It was apparent,

[1]Reported in 170 N. W. 207.

therefore, that the street car was going at least three times as fast as was plaintiff, and had about three times as far to go to reach the crossing. At the speed plaintiff was going he could have stopped his automobile in 7 or 8 feet. He kept on without increasing or diminishing his speed, until he was within 5 or 6 feet of the track. He then saw that the car was about 50 feet from him. He put on full speed and started across the track, but the car struck the right-hand wheel of his automobile, damaging the automobile and slightly injuring plaintiff.

The jury found for plaintiff. The trial court gave defendant judgment nothwithstanding the verdict, on the ground that plaintiff's own evidence showed that he was negligent in trying to cross in front of the street car. We agree with the trial court. Plaintiff approached the track with an unobstructed view of the car. He saw it coming and saw how fast it was coming. There was nothing to distract attention, nothing to even confuse. He was going slowly, had his automobile under control, and could have stopped within a few feet. It must have been apparent that with the best of good fortune he could do no better than barely clear the car, yet he went on. Reasonable prudence demanded that he stop or slacken his speed and let the car go by. O'Connell v. St. Paul City Ry. Co. 64 Minn. 466, 67 N. W. 363; Bartroot v. St. Paul City Ry. Co. 125 Minn. 308, 146 N. W. 1107.

2. A traveler can rely in some measure on the assumption that a motorman in charge of a car will use due care, but he cannot rely entirely on such assumption. If he could do so contributory negligence would never be a defense. If the speed of the approaching car is apparent the traveler cannot rely upon the assumption that it will be immediately operated at a different rate of speed.

The traveler may sometimes be deceived as to the rapidity of approach of a car, as in Day v. Duluth Street Ry. Co. 121 Minn. 445, 141 N. W. 795, where the plaintiff's view was partially obstructed, but he cannot well be deceived when the approaching car is in plain sight and he actually sees it approaching.

Distracting circumstances may sometimes excuse acts which would otherwise be negligent. Plaintiff contends that the roughness of the road and the darkness of the night distracted him, but these can hardly

be called distracting circumstances that will excuse. The judgment of the trial court should be affirmed.

Judgment affirmed.

HOLT and DIBELL, JJ. (dissenting).

I do not think plaintiff's contributory negligence appears as a matter of law. He drove his car at a very moderate speed. The jury could so find. And they could also well find that the street car was operated at an excessive speed and was not under control when approaching the street on which plaintiff was driving. The only negligence then that may be suggested as to plaintiff would be his failure to anticipate or observe the motorman's reckless speed and failure to have the street car under control. Even if plaintiff did see that the street car traveled at a high speed the first half of the block it had entered, it does not follow, it seems to me, that he was bound to anticipate that this speed would be kept up as a street intersection was approached. The vehicle driven by plaintiff needed guidance every moment, and he could not keep his eyes fixed on the street car all the time. The accident happened at night, and it was more difficult for plaintiff to observe the motorman's negligence than if it had been daylight. Take the facts as presented by the evidence and I think the question of plaintiff's contributory negligence was for the jury and not the court.