JAMES C. KIRK v. ST. PAUL CITY RAILWAY COMPANY.[1]

January 24, 1919.

No. 21,087.

**Street railway — contributory negligence of automobile driver.**
Collision between plaintiff's automobile and a street car. The facts as stated by plaintiff himself show that he was guilty of contributory negligence.

Action in the district court for Dakota county to recover $5,020 for injuries to plaintiff's person and property received in a collision between the automobile which he was driving and defendant's street car. The answer alleged that any injury received by plaintiff was due to his own negligence. The case was tried before Converse, J., who when plaintiff

[1]Reported in 170 N. W. 517.

rested denied defendant's motion for a directed verdict on the ground that the testimony failed to show any negligence on the part of defendant company and that the testimony conclusively showed contributory negligence on the part of plaintiff, and a jury which returned a verdict for $500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed, and judgment directed for defendant.

W. D. Dwyer, C. D. O'Brien and A. L. Bromenshenkel, for appellant.
P. H. O'Keefe and C. C. McElwee, for respondent.

TAYLOR, C.

Plaintiff recovered a verdict of $500 for injuries to himself and damages to his automobile in a collision with one of defendant's street cars. Defendant made an alternative motion for judgment notwithstanding the verdict, or for a new trial, and appealed from an order denying the motion.

Defendant's evidence tended to show that its street car was operated without negligence and that the accident resulted from reckless driving by plaintiff, but, as the jury have found for plaintiff, we must accept plaintiff's version of how the accident happened.

Concord street, extending in a northerly and southerly direction, is the principal thoroughfare between the city of South St. Paul and the city of St. Paul. Defendant operates a double track street-car line between the two cities. North bound cars run on the east track; south bound cars on the west track. From South St. Paul north for a mile or more the street car tracks are in Concord street; they then leave the street and run for some distance on a private right of way which defendant has acquired on the east side of the highway. Vehicles proceeding north on the right hand or east side of the street cross the car tracks diagonally near the point where the tracks leave the street.

On the evening of November 1, 1916, plaintiff, a resident of South St. Paul, left that place in his automobile and drove north along the east side of Concord street nearly to the point where the travel on that side of the street turns westerly across the car tracks. Seeing a south bound car approaching on the west track, he turned toward the tracks in an attempt to cross them before the car reached him. He did not

quite succeed and the car struck the rear of his automobile. His own testimony shows that he was perfectly familiar with the situation at the place of the accident; that the street car had a bright headlight; that he saw the car as it came from the private right of way into the street and at all times thereafter; that when he first saw the car he was about 50 feet from the place of the collision, and the car then just entering the street was about 100 feet from that place; that he was driving at a speed of 15 to 18 miles per hour, and the car was approaching at a speed of 25 to 30 miles per hour; that he continued on at the same speed at which he had been driving; and that the car continued to approach without slackening speed, although it usually slowed down when it came off the private right of way into the street. Plaintiff was facing the car all the time with nothing to obstruct his view or distract his attention. The photograph in evidence, on which he located the point of collision, shows that there was no need to cross the tracks at that point, that he could have continued on in the traveled part of the street and have crossed the tracks behind the street car without inconvenience or going out of his way. When he attempted to cross in front of the car, he must have known that he was taking chances, and that a collision was likely unless the motorman slackened speed. It was the duty of both to exercise reasonable care to avoid a collision, but each seems to have continued on his course as if that duty rested only on the other. An equal duty rested on both, and the facts as detailed by plaintiff show that neither was free from negligence. Haleen v. St. Paul City Ry. Co. supra, page 289, 170 N. W. 207. It follows that plaintiff is not entitled to recover.

Order reversed and judgment directed for defendant.