## LAWRENCE H. SYCK v. DULUTH STREET RAILWAY COMPANY.[1]

### June 11, 1920.

### No. 21,756.

**Right of way at street intersections — street car is a vehicle.**

1. The provision added to section 2552, G. S. 1913, by section 22, chapter 119, Laws 1917, relating to the right of way at street intersections applies to street cars.

**Contributory negligence.**

2. The court, in passing on the question of plaintiff's contributory negligence in a collision at a street intersection between an automobile driven by him and a street car operated by defendant, properly took into consideration the provision mentioned.

**Same.**

3. Plaintiff's contributory negligence conclusively appeared from his own admission that he entered upon the intersecting street without looking to his right, from whence he might anticipate advancing vehicles having the right of way over him, and continued his course with his eyes fixed in the other direction until too late to avoid the collision with defendant's street car that had approached the intersection from plaintiff's right.

Action in the district court for St. Louis county to recover $11,015 for injuries received in collision between plaintiff's automobile and defendant's street car. The answer alleged negligence on plaintiff's part. The case was tried before Cant, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*John & John D. Jenswold,* for appellant.

*Thomas S. Wood* and *G. A. E. Finlayson,* for respondent.

HOLT, J.

There was a collision between an automobile and a street car at the

[1]Reported in 177 N. W. 944.

intersection of Third street and Twenty-third Avenue West, in Duluth, and the driver and owner of the automobile brought this action against the street car company to recover damages. A verdict was rendered in favor of the defendant, and plaintiff appeals from the order denying a new trial.

The pleadings tendered the ordinary issues of negligence and contributory negligence on the part of the operators of the respective vehicles. But the trial court held that, upon the evidence adduced, plaintiff's contributory negligence appeared as a matter of law, and submitted to the jury, as the only ground for recovery, defendant's wanton negligence. No question is made of the jury's determination of that issue. The appeal must therefore turn upon the correctness of the legal estimate the trial court placed upon plaintiff's conduct.

The collision occurred about 10 o'clock in the forenoon. It was raining or drizzling. The avenue mentioned runs north and south, and the street runs east and west and thereupon defendant operates street cars, the northerly track carrying the west bound cars. East of Twenty-third avenue, Third street is practically level, but west thereof it is slightly up grade. Going north from Second street to Third street on Twenty-third avenue there is an appreciable up grade. The avenue is paved, but not the street. On the occasion plaintiff was driving a Ford touring car north on Twenty-third avenue from Second street towards Third street. The curtains were down on the automobile, except the right front curtain. After plaintiff passed the library building at the corner of Twenty-third avenue and Second street, he could, by looking in a northeasterly direction, obtain a view of vehicles on Third street that were headed towards the intersection of Twenty-third avenue, provided they were not nearer the intersection than 147 feet and not further than 300 feet therefrom. As he reached the middle of the block the view of vehicles traveling on Third street east of Twenty-third avenue was completely cut off by buildings that extend to the sidewalks on the easterly side of Twenty-third avenue and the southerly side of Third street. On the southwest corner of Twenty-third avenue and Third street is a church building. Plaintiff testified that as he drove north he looked northeasterly towards Third street

to ascertain whether any street cars or other vehicles were traveling west toward the intersection, but that after he passed the middle of the block he devoted his attention entirely towards ascertaining whether any vehicles were approaching the intersection from the west; that when he came to the crossing on the southerly line of Third street where he could have an unobstructed view to the east, or his right, he did not look in that direction, but still had his eyes to the west until, when within ten feet of the northerly street railway track, the noise of the street car attracted his attention; then glancing to the east, and finding the car within 25 feet of him coming at high speed, he turned abruptly to the left, but was not able to get out of the way, the street car striking the cowl of the automobile and inflicting the injury for which suit is brought. The street car shows the point of impact to have been just in front of the rear window in the motorman's cab.

The trial court was of the opinion that plaintiff's failure to look toward the east upon entering Third street constituted negligence as a matter of law. And in that connection the court considered this statute applicable: "The driver of any vehicle approaching or crossing a street or highway intersection shall give the right of way to any other vehicle approaching, from his right on the intersecting street or highway, and shall have the right of way at such crossing over any vehicle approaching from his left over such intersecting street or highway." Section 2552, G. S. 1913, as amended by section 22, c. 119, p. 164, Laws 1917.

It is earnestly contended that the term "vehicle" was not intended by the lawmakers to include street cars. In support of this contention counsel points to the history of the legislation in that, previous to the amendment of 1917, when the section in question related only to the meeting and passing of vehicles, it could not possibly apply to street cars, for they run on fixed tracks and cannot change their course or yield sideways to other travelers. It is also said that, although courts have frequently stated that travelers upon a public highway have equal and reciprocal rights and duties therein, yet in practical application, on the question of negligence and contributory negligence, consideration must be given to the character of the vehicle employed, its motive power and facility of control. Hence, it is argued, there was no impelling

reason for a traffic regulation applicable to all instrumentalities of transportation so that the term vehicle should be construed as covering street cars.

But, before the amendment to the section here involved was enacted, it was settled in this state that street cars had no preference over other vehicles at public street intersections. Shea v. St. Paul City Ry. Co. 50 Minn. 395, 52 N. W. 902; Bremer v. St. Paul City Ry. Co. 107 Minn. 326, 120 N. W. 382, 21 L.R.A. (N.S.) 887. All vehicles traveling along and upon public streets have always been regarded as having equal and reciprocal rights and duties in respect to the use of the crossing at intersections. "At street intersections the rights of all vehicles, in the absence of municipal or statutory regulation, are equal." Buys v. Third Avenue R. Co. 45 App. Div. 11, 61 N. Y. Supp. 113. That being so, we think, when the legislature enacted this amendment or addition to the traffic law, it had in mind this equality or parity of rights of all the different vehicles at street intersections and meant to prescribe a rule for the street car as well as for the automobile and team. Its observance by all alike makes for safety, for the driver or operator of every vehicle knows that it is his duty to yield to the ones approaching the intersection from his right, and hence he should be especially on the lookout for travelers coming from thence and who might be in a position to claim the right of way under this traffic rule. In crossing street intersections, there is no perceivable reason why the same regulation should not govern street cars and other vehicles. Street cars are stopped or slowed down about as readily as any other vehicle of equal speed operated upon city streets. The more universal the application of the regulation can be made, the better will the object of the legislation, namely, public safety and convenience, be promoted.

Of course, we are mindful that there may be implied exceptions to traffic regulations, such as fire department apparatus going to a fire, ambulances on emergency cases, and the like, but with these we are not now concerned.

Appellant cites decisions of other states upon somewhat similar statutes wherein the word "vehicle" has been held not to include street cars. Conder v. Griffith, 61 Ind. App. 218, 111 N. E. 816; Reed v.

Public Service Ry. Co. 89 N. J. Law, 431, 99 Atl. 100; State v. Balti- more & B. Elec. Ry. Co. 133 Md. 411, 105 Atl. 532. But, either specifically or by the context, the statute in those states excludes street cars. Cases involving the law of the road for passing or meeting ve- hicles do not appear to us to bear upon the question in hand, for in the very nature of things such regulation cannot affect vehicles operated along fixed tracks.

In sustaining the learned trial court's view of the applicability of the quoted part of said section 2552 to both plaintiff and defendant, in the driving of their respective cars over the street intersection in question, we do not mean to hold that a violation of this law conclusively es- tablishes a plaintiff's contributory negligence. It does not. Day v. Duluth Street Ry. Co. 121 Minn. 445, 141 N. W. 795; Schaar v. Con- forth, 128 Minn. 460, 151 N. W. 275. Nor does it here conclusively appear which vehicle, as a matter of fact, had the right of way. The law of the road is not unyielding. It does not invariably give the vehicle to the right of the intersection the preference. Regard must be had to surrounding circumstances, and, in connection with state and municipal traffic regulations, the drivers of vehicles upon the public streets always must be mindful of the abiding rule requiring the exer- cise of due care to avoid collision. Carson v. Turrish, 140 Minn. 445, 168 N. W. 349, L.R.A. 1918F, 154. The statute in question "does not warrant drivers of vehicles in taking close chances," Gibbs v. Alm- strom, 145 Minn. 35, 176 N. W. 173, but, nevertheless, the court or jury is warranted in taking it into consideration in passing on the question of a plaintiff's contributory negligence.

In the instant case plaintiff took no care whatever to ascertain whether any vehicles were approaching the intersection to his right and to which he ought to yield the way, except the observation he made before he reached the middle of the block between Second and Third streets. He entered upon and traversed nearly half the width of Third street with- out a glance to his right. An examination of the photographs in the record shows that the view he had had of the 150 feet of Third street 147 feet east of the intersection, after he passed the library building at the corner of Second street, was much limited by a small building

located about midway between said 150 feet space and plaintiff. There were also trees and a telephone pole intervening. Whatever view he had thus obtained could not be called clear, or so reassuring that he could omit to again look to the east when he came near enough to the intersection to obtain a view in that direction. As he approached the intersection there was nothing to divert his attention; no vehicle advancing from the north or the west; there was no miscalculation as to the rate of speed of a seen advancing vehicle, as in George A. Hormel & Co. v. Minneapolis St. Ry. Co. 130 Minn. 469, 153 N. W. 867. The facts in this case make a much clearer case of contributory negligence than in Haleen v. St. Paul City Ry. Co. 141 Minn. 289, 170 N. W. 207. Persons may not heedlessly attempt to cross a street without looking to see whether other travelers are not also using or about to use the same crossing. Those about to cross a public street are in duty bound to use their eyes to observe the conditions of the travel along that street from both directions. Baly v. St. Paul City Ry. Co. 90 Minn. 39, 95 N. W. 757; Bartroot v. St. Paul City Ry. Co. 125 Minn. 308, 146 N. W. 1107.

Having reached the conclusion that plaintiff's contributory negligence conclusively appeared, there is no occasion to consider any of the other errors assigned.

The order is affirmed.

HALLAM, J. (dissenting in part.)

I do not agree with the portion of the opinion which holds that it does not appear which of these vehicles had the right of way. In my opinion the statute leaves this matter in no uncertainty, and that, save in the one case excepted in the statute where a traffic officer is in charge, the statute does invariably give the right of way to the vehicle approaching from the right. One of the approaching vehicles may be so remote from the intersection that no question of right of way arises at all. The question arises when both vehicles are near enough to the intersection so that there is reasonable danger of collision if both proceed, Gibbs v. Almstrom, 145 Minn. 35, 176 N. W. 173, and in such case it is an imperative duty to yield to the vehicle approaching from the right.