## ANNA GELDERT v. HARRY BOEHLAND AND ANOTHER.[1]

### No. 31,177.

### June 25, 1937.

*Ralph T. Boardman* and *John F. Dulebohn,* for appellants.
*A. E. Bryngelson* and *E. L. Rosenbloom,* for respondent.

HOLT, JUSTICE.

The appeal is from the order denying defendants' motion in the alternative for judgment notwithstanding the verdict or a new trial.

The action was brought to recover for the death of Carl Hultin, alleged to have been caused by the wrongful acts of the defendants, the Minneapolis Street Railway Company and its motorman, the defendant Harry Boehland. On October 10, 1932, at about 7:20 in the morning, there was a collision between an Overland automobile driven east on Forty-ninth street north and a streetcar of defendant

[1]Reported in 274 N. W. 245, 275 N. W. 299.

street railway company, operated by defendant Boehland, going south on Bryant avenue north. It was full daylight. Some witnesses describe it as a bright day. The streets were dry. It was a right-angle intersection. There are double street railway tracks on Bryant avenue running clear up to Fifty-third street north. Both streets are oiled but not paved. There are no sidewalks on either Bryant avenue or Forty-ninth street in the vicinity of their intersection. The motorman on a streetcar going south from the north end of Bryant avenue has a clear and unobstructed view of any automobile approaching the intersection from the west on Forty-ninth street for more than 600 feet before entering the intersection. Likewise, an automobile driver going east on forty-ninth street has an unobstructed view of any streetcar moving toward the intersection from the north for more than 600 feet before entering the intersection. That is, if a line is drawn from a point 600 feet north of the intersection on Bryant avenue to a point 600 feet west of the intersection on Forty-ninth street, the triangle inclosed consists of a level tract of land with no trees or buildings obstructing a full view to one on either of the two streets within 600 feet of the intersection of any vehicle within 600 feet of the same intersection moving on the other street. This triangle was part of a cultivated tract used for community gardens prior to 1932, but was overgrown with weeds in the fall of that year; however, the weeds were not over two feet high, so the view of a streetcar or automobile would not be interfered with. The consensus of the testimony of the eyewitnesses of the collision seems to be that, when the streetcar was about 100 feet from the intersection, Hultin's car was about twice that distance therefrom; that the vehicles came together when the streetcar was within three or four feet of the south crosswalk of Forty-ninth street; that the impact of the automobile was on the front right corner of the streetcar; that the glass in the two side windows in front of the door was shattered, the headlight shorn off, and the bumper or cowcatcher of the streetcar torn away. The impetus of the automobile carried the debris to the east of the streetcar. Hultin was found on the front seat dying.

There was a motion of defendants for a directed verdict at the close of the testimony. The learned trial court expressed doubt whether there was evidence sufficient to go to the jury on defendants' negligence, and whether the contributory negligence of Hultin did not appear as a matter of law, but submitted both issues to the jury. There was a verdict for plaintiff. It was in the amount of $2,500 and is an indication that the jury had misgivings as to defendants' legal responsibility for the death. Hultin was a healthy, industrious man 45 years old. He left surviving a 13-year old daughter and his mother, 74 years of age.

A careful consideration of the evidence leads to the conclusion that the contributory negligence of Hultin appears as a matter of law and must result in the entry of judgment for defendants *non obstante*. The negligence of the motorman need not be considered except as any evidence thereof may bear on Hultin's conduct. It is a well established rule of law that one killed in an accident caused by another's negligence is presumed to have been in the exercise of due care when the accident happened. 4 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 7032. But it is a rebuttable presumption; and when the evidence, without material conflict, discloses that the party injured was negligent and that such negligence contributed to cause the injury, there can be no recovery of damages. If Hultin was negligent in driving ahead without taking notice of the advancing streetcar, there can be no doubt that such negligence proximately contributed to the collision. Four young women passengers in the streetcar, seated on the short seats on the right-hand side, three of them next to a window, gave clear and undisputed testimony as to Hultin's driving. They all saw Hultin approaching the intersection at a high speed; some estimated it at over 45 miles an hour. Three of them observed him until the impact and testified that he did not slacken the speed at all. Another witness, an experienced driver, testified that the tracks of Hultin's car were plainly discernible and disclosed that the brakes had not been applied. One of the young women referred to, realizing that a collision was imminent, took her eyes away from Hultin's car to observe what the motorman would do. Then the crash came, knock-

ing the motorman backward from his stool against the panel of the cab. None of the passengers in the streetcar estimated its speed high. Only one witness, who was preparing to take this car to go downtown and looked out of the north window of her home on Aldrich avenue, one block east of Bryant avenue, gave an opinion that the streetcar was approaching at high speed, and her view was cut off before the streetcar arrived within 50 feet of the intersection. There is no testimony that really contradicts the evidence of defendants that the speed of the streetcar was 20 to 25 miles per hour from Fiftieth street north to Forty-ninth street.

The learned trial court deemed there was in the testimony respecting Boehland's management of the streetcar sufficient from which the jury could find an invitation to Hultin to cross ahead of the streetcar. It is impossible to find a basis for such implication in the testimony that on approaching Forty-ninth street Boehland slowed down the speed somewhat, as he admitted, to ascertain whether or not some passenger might be hurrying to take the car, there being a near stop on Forty-ninth street for taking on or discharging passengers. No one claimed that the speed of the streetcar went lower than 15 miles an hour. It is common knowledge that the speed of streetcars is reduced on approaching street intersections. No one takes that as an invitation to oncoming automobiles to cross ahead of the streetcar. It seems to us the proof is conclusive and without conflict that on this morning, in broad daylight, Hultin speeded east on Forty-ninth street north toward the intersection of Bryant avenue when he had a clear view of this streetcar going south and could not avoid seeing that the streetcar would enter the intersection before he would get to it; so that he must be charged with negligence as a matter of law in attempting to cross ahead of the streetcar. There was nothing to distract Hultin's attention, no traffic on either street other than the two colliding vehicles. We do not overlook the testimony in respect to Boehland's so-called admissions, at the time of the accident, that it might cost him his job. This had nothing to do with his testimony as to Hultin's conduct, and, at most, might imply that Boehland was at fault.

We assume that there was enough in the evidence to sustain a finding by the jury that the motorman was to blame for the collision; but there certainly is also abundant testimony that Hultin was, at least, equally to blame for its occurrence. Such being the case, there can be no recovery in behalf of his next of kin. If the evidence of Hultin's driving into this intersection occupied by the crossing streetcar does not disclose contributory negligence as a matter of law, "there is not much of the doctrine left," as was said in Carlson v. Duluth St. Ry. Co. 111 Minn. 244, 246, 126 N. W. 825. Other cases tending to show that Hultin's contributory negligence appears as a matter of law are Bartroot v. St. Paul City Ry. Co. 125 Minn. 308, 146 N. W. 1107; Haleen v. St. Paul City Ry. Co. 141 Minn. 289, 170 N. W. 207; Kirk v. St. Paul City Ry. Co. 141 Minn. 437, 170 N. W. 517.

Our conclusion in respect to Hultin's contributory negligence makes further consideration of the questions presented by the appeal unnecessary. There is no likelihood of the existence of any evidence that might contradict or overcome that which established Hultin's contributory negligence; hence a new trial will be useless.

The order is reversed with direction to enter judgment in favor of defendants notwithstanding the verdict.

UPON APPLICATION FOR REARGUMENT.

On October 1, 1937, the following opinion was filed:

PER CURIAM.

After filing the decision herein directing the court below to enter judgment in favor of defendants (appellants) notwithstanding the verdict, plaintiff was permitted to argue a motion to modify the decision to granting a new trial instead of judgment *non obstante*. The motion is denied on the ground that the record discloses that there is no available evidence which would refute the obvious negligence of plaintiff's decedent in driving his car against or in front of defendants' streetcar in plain sight of decedent for more than 600 feet before the point of collision.