THE ILLINOIS TERMINAL RAILROAD COMPANY

*v.*

JACOB MITCHELL.

*Opinion filed February 21, 1905.*

1. RAILROADS—*when question whether plaintiff was a trespasser should go to jury.* Whether the plaintiff was a trespasser in walking upon the railroad track when he was struck by a train is properly left to the jury, where the evidence tends to show that the track was laid longitudinally in a public street and that the same had been used by the public as a way for many years.

2. SAME—*person may presume that a railroad company will not violate city ordinances.* One walking upon a railroad track laid in a public street has a right to rely upon obedience to the ordinances of the city regulating speed and signals by those in charge of approaching trains, and in the absence of contributory negligence upon his part he may recover for injuries sustained by reason of their disregard of the ordinances.

3. SAME—*when question of contributory negligence is for the jury.* Whether the plaintiff was guilty of contributory negligence is properly left to the jury under evidence that he looked back and saw no train approaching when he stepped upon the track, which was laid in a public street, but that he was shortly afterwards struck by a train which approached from the rear without timely warning and was running at a speed prohibited by ordinance.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. CHARLES T. MOORE, Judge, presiding.

HENRY S. BAKER, and TRAVOUS, WARNOCK & BURROUGHS, for appellant.

WEBB & WEBB, and BURTON & WHEELER, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This case is an appeal from a judgment of the Appellate Court for the Fourth District affirming a judgment of the circuit court of Madison county in favor of appellee for the sum of $1329, rendered against appellant for damages alleged to have been received by appellee to his person while walking on the track of appellant laid in a street in the city of Alton.

The declaration contains four counts, the first of which charges that by reason of the careless and improper management of the train of appellant it struck and injured appellee while he was walking along Front street, in the city of Alton. The second count sets out the speed ordinance of the city of Alton and charges a violation thereof. The third count charges a failure to comply with the duty to ring a bell continuously while within the city limits, as required by ordinance; and the fourth sets out the speed ordinance, and charges that appellant willfully and wantonly ran its train at a prohibited rate of speed. All of the counts except the fourth aver that the injury was received while appellee was upon a public highway.

The only error assigned or argued by appellant is the refusal of the trial court to give a peremptory instruction at the close of the plaintiff's evidence and at the close of all the evidence, said instruction having been offered by it on each occasion. This requires an examination of the testimony for the purpose of determining whether there is evidence in this record tending to prove the cause of action alleged in the declaration.

The evidence tends to show that appellee, at the time of the accident, was nearly sixty-one years of age, a common

laborer, and that on the morning of the accident he passed down Oak street, in the city of Alton, until he reached Front street; that he then crossed three railway tracks situated upon Front street to the track of the "Bluff line," so called in the evidence, and started east on this track; that shortly thereafter he saw a train approaching on this track and he crossed over to the track of appellant; that before going on its track he looked west to the curve, about one thousand feet, and saw no train approaching; that after he had walked about one hundred and fifty feet east on the track of appellant he heard the whistle of a train behind him, turned to see what it was and knew no more until he regained consciousness in the hospital, ten days later; that both legs were broken in several places, three ribs were fractured and one of his arms was broken, besides many bruises and concussions.

There is a sharp conflict in the evidence as to whether a bell was rung and at what speed the train was moving at the time of the accident, and the jury might well have taken either view in passing upon those questions.

It is urged by appellant that appellee was a trespasser and had no right upon its tracks at the time of the accident, but we believe this position is untenable. Two plats were introduced in evidence, one purporting to be of Charles W. Hunter's addition to Lower Alton and North Liberty, made October 25, 1836, acknowledged by Hunter on February 15, 1837, and on that day recorded, showing Front street extending east of the place of the accident some seven blocks, and the other purporting to be of William Russell's addition to Alton, made August 11, 1837, covering a portion of the same territory, authenticated by Russell January 21, 1850, and approved and adopted by Charles W. Hunter February 21, 1850, designating the portion of Front street between Oak street and the street four blocks east thereof, called Apple street, "Public city commons." On the 9th day of July, 1895, the city council of Alton passed an ordinance authorizing appellant to construct and maintain a railroad

track over, along and upon Front street from Henry street, which is several blocks west of the place of the accident, to the city limits, which was east of the place of the accident, which ordinance was accepted in all its terms by appellant. In addition to this fact the evidence shows that from one hundred to one hundred and fifty persons daily traveled over said tracks longitudinally and that the same has been used by the public as a way for years. We are of the opinion that appellant cannot, under these circumstances, be heard to say that appellee was a trespasser at the time of the accident, as the evidence tended to sustain the contention of appellee that he was upon Front street at the time of being injured. A traveler has the same rights upon a street upon which a railroad company has been authorized to construct its tracks as the railroad company, but convenience requires that the traveler give way to the trains of the railroad company.

Appellee being rightfully upon Front street at the time of the accident, and there being evidence tending to prove a violation of the speed ordinance and a failure to ring a bell or give other warning of the approach of the train, but one question remains for consideration, viz., whether appellee was guilty of contributory negligence. Appellee swore that before he went upon the track of appellant he looked down its track for one thousand feet to the west and that no train was in sight, and that timely notice was not given of the approach of the train. Appellee had a right to rely upon the trains of appellant approaching at the rate of speed permitted by the ordinance of the city of Alton and that its trains would give the warning of its approach required to be given by law. Appellee had a right to be upon Front street, and appellant was bound to take notice of the fact that the public was passing over Front street longitudinally along its track, and that a violation of the law as to speed and signals would place travelers upon said street in great danger. It is true that railroad tracks are of themselves notice of danger, but we think it was a question for the jury to say whether, in

view of all the surrounding circumstances, the appellee was guilty of contributory negligence. It is not the duty of this court, upon the error assigned in this case, to weigh the evidence or to pass upon the question of in whose favor it'preponderates. (*Chicago and Eastern Illinois Railroad Co.* v. *Schmitz,* 211 Ill. 446.) If there is 'evidence in the record fairly tending to support the plaintiff's cause of action it is proper that the jury pass upon the facts.

From a careful examination of the evidence in this case we are of the opinion that the trial court did not err in refusing to give the peremptory instruction for appellant, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*