The Elgin, Joliet and Eastern Railway Company

*v.*

Bella B. Hoadley, Admx.

*Opinion filed February 21, 1906—Rehearing denied April 11, 1906.*

1. Railroads—*person may assume that company will not violate its statutory duties.* A person engaged in his business of adjusting carbons in an electric lamp over a railroad crossing has a right to go upon the crossing in the performance of his duty, and may assume that the railroad company will not run trains over the crossing without giving warning by ringing a bell or sounding a whistle.

2. Same—*direct testimony as to due care by the deceased is not essential.* Direct testimony as to the exercise of due care by the deceased, who at the time of the accident was so enveloped in steam from a nearby locomotive that he could not be seen, is not essential, where there are circumstances in evidence from which such care may be inferred.

3. Instructions—*when instruction as to due care is proper.* In an action by an administrator for damages for death of the deceased, who was struck by a passing engine while he was changing carbons in an electric lamp over a railroad crossing, an instruction which requires the jury to find, from the evidence, before there could be a recovery, that the deceased was in the exercise of ordinary care "while he was upon said highway at said railroad crossing and at the time he received the injuries" is not improper, as ignoring the question of care by the deceased in going upon the crossing, where it appears he was not injured while *going upon* the crossing, but some time afterwards.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. Dorrance Dibell, Judge, presiding.

This was an action on the case, brought in the circuit court of Will county by Bella B. Hoadley, as administratrix of the estate of George E. Hoadley, deceased, against the Elgin, Joliet and Eastern Railway Company, appellant, to recover for the death of said George E. Hoadley, which was caused by one of appellant's switch engines at the crossing

of appellant's railroad tracks and Maple street, just outside the corporate limits of the city of Joliet.

The declaration, as originally filed, consisted of one count. Four additional counts were afterwards filed. The first two of the additional counts charged negligence on the part of appellant in failing to ring a bell or blow a whistle on the engine, and in failing to keep the bell ringing or the whistle sounding, as required by section 68 of chapter 114, Hurd's Revised Statutes of 1903. These are the only counts necessary to be referred to here. Appellant filed the general issue, and a trial was had before a jury, which resulted in a verdict for $4000 in favor of appellee. After overruling a motion for a new trial the court entered judgment upon the verdict. Appellant appealed to the Appellate Court for the Second District, where the judgment of the circuit court was affirmed, and now prosecutes a further appeal to this court.

Appellee's intestate received the injuries which resulted in his death where the tracks cross Maple street, in the southern part of appellant's switch yards, outside the corporate limits of the city of Joliet. That street is one of the principal highways leading into Joliet. The tracks were fourteen in number. There was a space about seventeen feet in width between two of these tracks, near the middle of the intersection. In this space were located two poles, one on the north side of the highway and the other on the south side, between the tops of which was extended a cable which supported an electric arc lamp. This cable was almost parallel with the railroad tracks. The poles and lamp belonged to the Economy Light and Power Company of Joliet and were parts of its electric lighting system. The lamp could, by means of a windlass located on the pole on the north side of the highway, be lowered to the ground for the purpose of changing the carbons or repairing or cleaning the lamp, and could then, by means of the windlass, be raised to a sufficient height above the ground so as not to interfere with travel on the highway. When the lamp was lowered to the ground it

was a little more than seven feet from the east rail of the track next west of it and about ten feet from the west rail of the track next east of it.

Hoadley had been attending to this lamp for the Economy Light and Power Company, as an employee, for about five months prior to the time he was injured. His duties required him to lower the lamp each day for the purpose of changing the carbons, which is referred to as "trimming the lamp." On February 4, 1902, between eight and nine o'clock in the forenoon, he lowered the lamp to trim it. While he was thus engaged, two engines attached to a freight train stood on the crossing on the track next east of him. He performed his work while standing on the west side of the lamp. Shortly before he was injured one of these engines discharged a large quantity of steam, which enveloped him so that he could not be seen by persons near by. The entire crossing for some time was obscured by the steam escaping from the engine. While the crossing was in this condition, a switch engine drawing a train of freight cars and belonging to appellant came out of the yards from the north upon the track immediately west of Hoadley, and approached the Maple street crossing at the rate of about eight miles an hour, without ringing a bell or sounding a whistle, as the evidence tends to show. When it reached a point on the crossing near the lamp it struck Hoadley, inflicting the injuries from which he died.

At the close of all the evidence in the case the defendant offered, and the court refused, an instruction directing the jury to return a verdict finding the defendant not guilty. The refusal of this instruction is assigned as error. The only other ground urged for reversal is the action of the circuit court in giving appellee's first instruction.

J. L. O'Donnell, and T. F. Donovan, (Knapp, Haynie & Campbell, of counsel,) for appellant.

Donahoe, McNaughton & McKeown, for appellee.

Mr. Justice Scott delivered the opinion of the court:

The peremptory instruction offered by appellant at the close of all the evidence in the case presents the question whether there is in this record any evidence which, with the inferences reasonably to be drawn therefrom, is sufficient to support a verdict for the plaintiff. *Illinois Central Railroad Co.* v. *Swift*, 213 Ill. 307; *Indiana, Illinois and Iowa Railroad Co.* v. *Otstot,* 212 id. 429.

There is evidence in the record to the effect that Hoadley, on the morning of February 4, 1902, was engaged in trimming the lamp, in the space between two of appellant's railroad tracks, at the crossing of those tracks with Maple street; that while he was so engaged, one of appellant's engines, which was standing immediately east of him at a distance of only ten feet, discharged large quantities of steam; that this steam covered the crossing, and was so dense as to prevent persons standing near by from seeing Hoadley, as he was enveloped in the steam; that when last seen before the accident he had finished trimming the lamp and was in the act of going to the pole on the north side of the highway; that while the crossing was covered with the steam to such an extent as to prevent the fireman and engineer on the switch engine from seeing Hoadley or any other person then on the crossing, the switch engine came out of the switch yards from the north towards the crossing, on the track immediately west of Hoadley, without ringing a bell or sounding a whistle, and the pilot beam of the switch engine, which projected a distance of about two feet east of the track, struck Hoadley, causing the injuries from which he died.

We do not think that the fact that Hoadley was well acquainted with the surroundings, or the fact that he had been previously warned of the dangerous character of the crossing by appellant's servants, excused appellant from the perform-

ance of its statutory duty toward him, or that such facts show that Hoadley was guilty of contributory negligence in going so close to the track as to be struck by the passing engine, when he had no reason to believe, so far as the evidence discloses, that any engine was then approaching the crossing.

Appellant argues that Hoadley voluntarily assumed a position, in performing his work, which he knew to be dangerous, when there was a safe position in which the work could have been done, and by reason of assuming that dangerous position was injured. Its argument in this regard is based on the evidence of one of its witnesses, who testified that at the time Hoadley was struck by the engine he was stooping over at work on the lamp, with his back to the west, and that his hips were thrown backwards so as to be within reach of the pilot beam of the switch engine. Another witness, however, who gave evidence on behalf of appellee, testified that when he last saw Hoadley he had finished trimming the lamp, and that he had raised up and was in the act of going to the pole on the north side of the highway, and that the steam then shut off any further view of Hoadley until after the accident. This testimony is inconsistent with the theory that Hoadley was struck while stooping over at work on the lamp, and, for the purpose of considering the action of the court in refusing the peremptory instruction, must be taken as true. The evidence, therefore, does not show that the position taken by Hoadley was any more dangerous than that assumed by any person who finds it necessary to approach near, or cross over, a railroad track upon which engines and cars frequently pass.

We think that the jury could reasonably infer from the evidence that Hoadley, after he had finished trimming the lamp, took a few steps to the west in order to get away from the dense steam with which, at a distance of only ten feet from its source, he was necessarily surrounded, with the intention of going to the pole on the north side of the highway, where his duties would next call him, for the purpose

of using the windlass, and thus came in such close proximity to the track next west of him that he was within reach of the pilot beam of the engine.

Under these circumstances there was evidence sufficient to warrant the jury in finding that the failure of appellant to give the warning required by the statute was the proximate cause of the injury, and that Hoadley was not himself negligent in approaching so near the west track as to be within reach of some part of the passing engine. Hoadley had a right to be on the crossing in question in order to perform his work of trimming the lamp. He also had a right to presume that appellant would not run any of its engines or cars over that crossing without giving him notice thereof by ringing a bell or sounding a whistle before the engine or cars reached the crossing. (*Illinois Terminal Railroad Co. v. Mitchell,* 214 Ill. 151.) The jury might, from the evidence, reasonably conclude that if such warning had been given in this instance, Hoadley would have remained at a safe distance from any of the tracks at the crossing until the engine or train had passed.

Appellant contends that there is no proof of the exercise of due care on the part of Hoadley. Circumstances are in evidence from which due care may be inferred. That is sufficient proof. Direct testimony on this issue is not required. *Chicago and Atlantic Railway Co. v. Carey,* 115 Ill. 115; *North Chicago Street Railroad Co. v. Rodert,* 203 id. 413.

Appellant complains of the action of the court in giving appellee's first instruction. This instruction told the jury that if they found certain facts from the evidence, then the plaintiff was entitled to recover. The objection urged to the instruction is confined to that part referring to the care exercised by Hoadley. The hypothesis in the instruction on that subject is as follows: "And if the jury further believe, from the evidence, that the said George E. Hoadley was in the exercise of ordinary care for his own safety while he was upon said highway at said railroad crossing and at the time

he received the injuries aforesaid." It is said that this instruction limits the exercise of due care on the part of Hoadley to the time of the injury, and ignores the care required of him in going upon the crossing and in placing himself in such close proximity to the track as to be struck by an engine passing thereon.

The instruction not only requires the jury to find that Hoadley was in the exercise of ordinary care for his own safety at the time he was injured, but also requires them to believe, from the evidence, that he was in the exercise of such care during all the time he was upon the highway at the crossing, in order for them to return a verdict for the plaintiff. He was not injured while going upon, or passing over, the crossing. The evidence for both appellant and appellee shows that he had been upon the crossing for some time before he was struck by the engine. Any negligence on his part while going upon the crossing could not have contributed to the injury. It was therefore not necessary for the jury to believe that he was in the exercise of due care while going upon the crossing in order for the plaintiff to recover. After he was upon the crossing, however, under the circumstances of this case, it was then his duty to use due care to avoid the injury which he there received. This duty is definitely stated in the instruction, which requires the jury to believe that he was in the exercise of due care "while he was upon said highway at said railroad crossing." This clause of the instruction requires the jury to find that Hoadley was in the exercise of due care in taking or assuming a position so close to the track as to be struck by the switch engine, before they can return a verdict for the plaintiff.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*