## LENA BOWERS v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

### January 10, 1919.

### No. 21,029.

**Railway — contributory negligence.**

1. As the facts are presented by the record it cannot be held that a person who walked upon a railroad track, laid along a public street, was

[1]Reported in 170 N. W. 226.

guilty, as a matter of law, of contributory negligence in failing to observe a string of cars that moved up against him from behind.

### Inadmissible evidence not prejudicial.

2. The error in admitting a town plat of Sioux City, Iowa, purporting to be certified to by an officer of that state, the same not being authenticated as provided by the Federal statute, and there being no foundation laid for its introduction under our practice, was without prejudice, for the evidence received without objection proved all that the plat tends to prove.

### Death — charge to jury —presumption of due care.

3. The eye-witness of the accident observed the conduct of the person killed by the alleged negligence of the defendant for so few moments before the accident that an instruction was not warranted that no infer-ence of due care for his own safety could be considered by the jury.

### Prejudicial error — refusal to withdraw from jury unproved charges of negligence.

4. It was prejudicial error to refuse to withdraw from the jury charges of negligence of which there was no proof, in view of the fact that the court read to the jury the complaint wherein several negligent acts were charged, only one of which was attempted to be proved.

### Harmless error.

5. Other errors not likely to occur on another trial do not merit consideration.

Action in the district court for Pipestone county by the administratrix of the estate of Clifton Bowers, deceased, to recover $25,000 for the death of her intestate. The answer alleged that deceased met his death while trespassing upon the premises of defendant and that it was caused by his own want of due care. The case was tried before Dean, J., who when plaintiff rested and at the close of the testimony denied defendant's motions for a directed verdict, and a jury which returned a verdict for $21,000. From an order denying its motion for judgment notwithstanding the verdict and granting its motion for a new trial unless plaintiff consented to a reduction of the verdict to $15,000, defendant appealed. Reversed and new trial granted.

*John N. Hughes, C. T. Howard* and *F. W. Root,* for appellant.

*Tom Davis* and *Ernest A. Michel,* for respondent.

HOLT, J.

Defendant appeals from an order denying its motion, in the alternative, for judgment non obstante or a new trial.

Plaintiff's intestate, Clifton Bowers, and a companion were walking along one of defendant's railroad tracks in Sioux City, Iowa, about 6:30 p. m. August 13, 1914, when a string of box cars, pushed by a locomotive in the direction in which the men were walking, overtook and killed them. The evidence presents this situation:

From east to west the streets are named, in their order: Iowa, Court, Virginia, Jennings, Jones and Jackson. From north to south are Third, Second and First streets. Defendant's freight house is a narrow building extending from Jackson to Virginia streets along Second street, its south wall being about 40 feet north of the north boundary of Second street. The territory south of the freight house was occupied by parallel railroad tracks, laid as close together as feasible for safe railroad operation. Of these tracks defendant owned the first five south of the freight house, the track upon which Bowers was killed being the most southerly of the five, and known as track No. 1. A cross-over track, with proper switches at about Court street, served for the purpose of moving cars from the three most northerly of defendant's tracks to track No. 1. At the time in question, the switching crew had occasion to move some box cars from the said three northerly tracks onto track No. 1, and then for a further westerly movement on said track. The engine went in on one of the northerly tracks, coupled onto a string of nine box cars, pulled them east over the switch in Court street, thence pushed them west over the cross-over track onto track No. 1, leaving them so that the front or most westerly car came nearly as far west as Jennings street. The engine then went back east and repeated the operation, bringing out seven or eight more box cars and pushing them against the nine first set out, coupling the two strings together, and then starting to push the whole string further west.

The testimony of the train crew, and one of the crew was called by plaintiff, tends to show that, after the two strings were coupled together, the train did not move west to exceed two car lengths when it was stopped, because the easterly trucks of the third car from the west end derailed, and then the bodies of plaintiff's intestate and his companion

were discovered under the fourth car from the west end. Whether the derailment resulted from running over the men is not made to appear. The inevitable conclusion from this testimony would be that the two men were between two of the cars when the coupling of the two strings took place, or when the forward or westerly movement of the whole train was begun. And if that were the only evidence defendant should have prevailed. But plaintiff also produced a witness who saw the accident. His testimony was that he was walking south two or three blocks to the west of the place where it occurred, and, as he approached track No. 1, he saw two men coming toward him walking between the rails of the track, and perhaps two rods in front of the box cars moving westerly; that the men appeared to look in the direction in which they were going; that the box cars overtook and ran over them within a few seconds. He was unable to say what the speed of the cars was and could not swear that it was over four miles per hour. All the other testimony was that it was less. From the situation of this witness it is apparent that his estimate of the speed, and of the distance between the cars and the men was very unreliable, and he did not profess to give either except as he was pressed on cross-examination for his best judgment.

The first contention is that defendant was entitled to a directed verdict, and should now have judgment, for the reason that Bowers' contributory negligence appears as a matter of law. Cases are cited to the effect that one who, in crossing a railway track, fails to use his senses to discover the approach of a train or cars is guilty of negligence. Such is the law. But we are not prepared to hold that one who walks upon a railway track laid along a public street is, as a matter of law, negligent if he fails to discover a train overtaking him. There was evidence from which the jury could find that the track upon which the accident occurred was laid along a public street, and that a great deal of public travel passed over and along the same. The acts or omissions that would constitute negligence on the part of one crossing a railway track at a street intersection do not necessarily so show where he is passing along a railway track laid lengthwise in a public street. In the former case a mere glance right and left suffices for safety. But where the travel is along a street, occupied its whole length with railway tracks, it would

be quite another thing to discover by the sense of sight alone the approach of cars from the rear.

In Peaslee v. Railway Transfer Co. 120 Minn. 347, 139 N. W. 613, consideration was given to the fact that the railway tracks upon which the party was injured were laid along a street. So also in Southern Ry. in Ky. v. Caplinger's Admr. 151 Ky. 749, 152 S. W. 947, annotated in 49 L.R.A.(N.S.) 660 and 681. In Chesapeake & O. Ry. Co. v. Booth, 149 Ky. 245, 148 S. W. 61, where the injured party walked along the rail of the track in a street because it was smoother walking than elsewhere on the street, it was held that the question of contributory negligence was for the jury. The syllabus reads: "Where one in walking in a street containing railroad tracks was overtaken, struck and injured by a train approaching in his rear, as the evidence did not affirmatively show he saw or heard it in time to get out of its way; and there was a contrariety of evidence as to whether the engineer or fireman maintained a lookout, or gave any signal to warn him of its coming, the question whether his injuries were caused by the negligence of the engineer or fireman, or his own negligence, was properly left to the decision of the jury." To the same effect is Solen v. Virginia & Truckee R. Co. 13 Nev. 106; Rio Grande, S. M. & Pac. Ry. Co. v. Martinez, 39 Tex. Civ. App. 460, 87 S. W. 853 (writ of error refused); Missouri, K. & T. Ry. Co. v. Milburn (Tex. Civ. App.) 142 S. W. 626; Lueders v. St. Louis & S. F. R. Co. 253 Mo. 97, 161 S. W. 1159; Lampkin v. McCormick, 105 La. 418, 29 South. 952, 83 Am. St. 245; Goodrich v. Burlington, C. R. & N. Ry. Co. 103 Iowa, 412, 72 N. W. 653.

The case of Illinois Terminal R. Co. v. Mitchell, 214 Ill. 151, 73 N. E. 449, presents features similar to those found in the instant case as respects the proof that the tracks ran along a public street, and as to the use by the public of the street so taken up with railroad tracks. It was there held to be a jury question whether the plaintiff was guilty of contributory negligence, he having testified that he looked back and saw no train approaching when he stepped upon the track, but was shortly afterwards struck by a train which approached from the rear without timely warning. It is true, that here the eye-witness did not see either the deceased or his companion look to the rear, that is, to the east. But this eye-witness only observed the men and the situation for a few seconds

before they were run down. They may have taken due precautions before this witness saw them. The jury had a right to consider that these nine box cars stood on the track No. 1; that there was no locomotive or train to the east of these cars; that the locomotive which had moved them was doing work upon the tracks to the north of track 1, or apparently not approaching that in the direction the deceased was going.

Appellant cites several cases to sustain the contention that one who walks upon or near a railroad track without discovering the approach of a train, when it should have been seen had he looked, is guilty of contributory negligence. Some of these cases are crossings cases, others involve trespassers or licensees, and other present situations unlike the one here found. Atchison, T. & S. F. Ry. Co. v. Schwindt, 67 Kan. 8, 72 Pac. 573, cited by defendant, recognizes the doctrine that it was not negligence as a matter of law to walk upon a railroad track laid along a public street, but holds that "where railroad tracks are laid in a public street, and there is room for a pedestrian who wishes to travel along the street to walk in safety outside the tracks, and there is no reason resting in either necessity or convenience for his going upon them, it is negligence for him to walk along a track between the rails." Lea v. Durham & N. R. Co. 129 N. C. 459, 40 S. E. 212, is also cited, but the court was divided, and the able dissenting opinion of Justice Douglas concurred in by Justice Clark, seems quite convincing that the question of contributory negligence should here be left to the jury.

We conclude that no error was committed in refusing judgment non obstante, or in denying a new trial on the ground that it was conclusively shown that plaintiff's intestate was guilty of contributory negligence. In this connection it should be remembered that the burden of proof to show such negligence was upon defendant. There was no attempt to show that any bell was rung or any other signal given which might convey warning to a traveler's sense of hearing. And assuming that Bowers was walking where the public had an equal right with defendant to be, except when trains were moving over the track, he could govern his conduct somewhat upon the expectation that this defendant would employ the usual means taken by railroad companies to apprise travelers on streets of the movement of cars thereon. And the usual means of warning is by ringing the locomotive bell.

A plat of the locus in quo, purporting to show that track No. 1 was in Second street, was received in evidence over defendant's objection. It was not exemplified so as to be admissible under the Federal statute, and no foundation was laid for its admission under any statute of this state or of Iowa. Wilcox v. Bergman, 96 Minn. 219, 104 N. W. 955, 5 L.R.A.(N.S.) 938, contains so full a discussion of this question that nothing further need be said to indicate the procedure to be pursued in order to prove a nonjudicial record from a sister state. But this error was of no consequence, for without objection testimony went in that Second street was located so as to embrace the track in question and that said street was a public street. Indeed, defendant offered a plat of its tracks and of the tracks of other railroads to the south and upon such plat its track No. 1 appears upon what is thereon designated as Second street.

The court in the charge said: "Contributory negligence is a matter of defense to be alleged in the answer and proved to exist by a preponderance of the evidence, and whether there is sufficient evidence to overcome the presumption of due care which arises in plaintiff's favor, founded on instincts of self-preservation, is a question for the jury."

Defendant takes exception to the application of such presumption to this case, where there was an eye-witness who testified as to what occurred. We are not convinced of the inapplicability of the presumption in this instance. The eye-witness did not observe the men but for a few seconds before being struck. The jury might have concluded that due care did not require the deceased to look to the rear during that short interval, provided he had so done immediately before the witness noticed him, and as to that the presumption might apply.

There is, however, one matter in the record of which defendant may justly complain. The complaint charged that defendant negligently, recklessly and wantonly ran its cars on to plaintiff's intestate without giving any notice or warning of the approach of said cars, and without giving any signal by bell, whistle or otherwise, and without having any lookout or person on the end of said cars. In stating the claims of the litigants the court evidently made use of the complaint, specifying the several acts of negligence therein alleged. There was no attempt to prove reckless or wanton running of the cars, or failure to signal by bell

or whistle. The sole act of negligence on the part of defendant, of which there was any evidence, was in not having a lookout upon the foremost box car as the train was moved to the west. The jury were also told that if they found that defendant's servants, by the exercise of ordinary care, could have discovered Bowers' presence on the track in time to avert his death, and they failed in this respect, there was actionable negligence. We think there was but one single issue of negligence to be submitted under the pleadings and the evidence, and that was the failure to have a lookout at the forward car. Stating all the claims without regard to the proof, and stating one issue involving acts not directly charged as negligence in the complaint, tended to confuse and becloud the single issue made by the evidence. It is true, that the court gave one request inferentially embodying this issue. But the court refused to give the defendant's requested instructions to the effect that there was no evidence to sustain the charge of reckless and wanton operation of the cars, and no evidence to sustain the claim that it failed to ring the bell or blow the whistle. In view of the fact that the court had stated to the jury all the claims of negligence made in the complaint, we think defendant was entitled to the specific instructions requested withdrawing from consideration those as to which there was no proof whatever. The failure to do so must be held prejudicial to defendant.

We have already indicated why, in our opinion, no error was committed in refusing a proffered request to the effect that, since the testimony of an eye-witness to the accident had been adduced, the jury could not indulge in the inference that Bowers had used due care to avoid danger from moving cars.

The damages under the Iowa statute, governing herein, are for the benefit of the estate of the deceased. The charge bearing upon the damages was perhaps somewhat confused with our statute on the same subject. This in itself might not call for a reversal, and nothing need be said on the subject, for we apprehend that on another trial the rule will be given in accordance with the provision of the Iowa statute, and the construction placed thereon by the supreme court of that state. No other assignment of error merits discussion.

For the errors in the instructions and refusal to instruct, above pointed

out, the order, insofar as it denies defendant's motion for a new trial, must be reversed and a new trial is hereby granted.