# RUDOLPH JASINUK v. RAY A. LOMBARD AND ANOTHER.[1]

October 20, 1933.

No. 29,491.

[1]Reported in 250 N. W. 568.

*Cox, Weeks & Kuhlman,* for appellant.

*Ossanna, Hall & Hoaglund, Charles E. Carlson,* and *Edward J. Callahan,* for respondent.

*STONE, Justice.*

Action for wrongful death, caused by an automobile driven by defendant Lombard and claimed by plaintiff to have been owned by defendant National Cab Company, or, at least, jointly operated by the two defendants. Defendant Lombard did not answer. After a verdict against it, the National Cab Company moved for judgment notwithstanding or a new trial. The motion for judgment was denied. So also was the motion for a new trial, but upon condition that plaintiff consent to a reduction of the verdict from $7,500 to $5,000. The time originally fixed by that order for the filing of plaintiff's consent was thereafter extended by another order. Plaintiff's consent to the reduction was filed within the extended time. Only defendant National Cab Company appeals, and its notice of appeal includes both the order conditionally denying its motion and also the order extending the time for the filing of plaintiff's consent to a reduction of the verdict.

The accident occurred between seven and eight p. m. of November 9, 1929, on Central avenue, Minneapolis, between its intersec-

tions by Spring street and Summer street. The cab was going north and hit Kolodka while he was crossing Central avenue between the intersections. Central avenue carries double street car tracks, but at this time there was neither street car nor automobile, other than defendant's cab, in sight on the avenue. The testimony concerning the speed of the cab and some other circumstances is so far in disagreement that the question of Lombard's negligence was for the jury. The leading argument for appellant is that the decedent was guilty of contributory negligence as a matter of law. Stressed is his attempt to cross between intersections. But pedestrians are not yet law violators in walking across or upon Minneapolis streets between intersections. There may be cases where congestion of traffic and other factors will make negligence appear as matter of law, but this is not one of them. The decedent was hit by the cab just as it was rounding, or had left, a curve on Central avenue. It was for the jury to determine at what speed it was traveling, the testimony presenting the usual conflict on that issue. The presumption against decedent's negligence (to be discussed) would justify the conclusion by the jury that he looked in the direction, south, from which the car was coming, saw it, and concluded that he might cross in safety. If he did so, it cannot now be said that he was negligent as matter of law. Recently, in Larson v. Fox, 189 Minn. 536, 250 N. W. 449, we held that a pedestrian crossing Superior street, the main traffic artery of Duluth, in the nighttime, when crossing signals were against him, and when there was considerable traffic, was not demonstrably negligent. The rationale of that decision bars a holding otherwise as to the decedent in this case. In the former the plaintiff had the benefit of no presumption of due care, whereas here plaintiff has that aid.

■ In the record is the testimony of three eyewitnesses of the accident. All appear to have been from 150 to 160 feet distant from the scene. It was for the jury to determine the accuracy of their observations and the credibility of the resulting testimony. The court in its charge gave plaintiff the benefit of the presumption that decedent was not contributorily negligent. It is now urged for ap-

pellant, citing 17 C. J. 1304, that the presumption "does not apply where there are eyewitnesses to the accident, or where the surrounding facts and circumstances show to the contrary, or where plaintiff's evidence suggests contributory negligence on the part of deceased." In so far as it makes the presence of eyewitnesses alone an insurmountable obstacle to the presumption, that statement is wrong.

At the threshold of consideration lies the important fact that, on the issue of contributory negligence, defendants had the burden of proof. The presumption against contributory negligence is highly important to plaintiff unless for some reason he is denied its benefit as matter of law. He is not, simply because the evidence as a whole fails to demonstrate that decedent was negligent. The testimony of eyewitnesses might be such (it is not here) as to annul the presumption, but their mere presence is no bar to its consideration by the triers of fact. Neither number nor kind of witnesses is the test, but rather the state of the evidence when the case goes to the jury. Unless, by demonstration of physical facts or otherwise, contributory negligence then appears as matter of law, the jury takes the case upon all the evidence and all inferences (the presumption in question is only an inference which the law permits from appropriate facts, 2 Dunnell, Minn. Dig. [2 ed.] § 3431) which are reasonably to be drawn from them. "The question of contributory negligence in such cases is always one for the jury, unless the evidence shows such negligence conclusively." 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2616. The cases cited in support are too numerous for further reference here. The latest is Aubin v. Duluth St. Ry. Co. 169 Minn. 342, 343, 211 N. W. 580, where, because in effect it required a degree of proof beyond a fair preponderance, we held it was error to charge that the presumption against contributory negligence must yield to "clear proof" to the contrary. Bowers v. C. M. & St. P. Ry. Co. 141 Minn. 385, 170 N. W. 226, was an eyewitness case, but the presumption against contributory negligence was held applicable notwithstanding. So there is nothing in this case to deprive plaintiff of the benefit of the presumption against contributory negligence, and there was no error in the charge on that point.

■ There is ineffectual argument for appellant that its ownership of the cab is not adequately proved to establish its liability. Ownership is not necessary if it was party, in a responsible sense, to its operation. Under the taxicab ordinance of Minneapolis, the cab was licensed in its name. It procured and carried the insurance on the machine. The cab was one of a fleet for which appellant furnished the dispatching and other service incidental thereto. It seeks escape through an alleged oral agreement made with the driver, Lombard, shortly before the accident, whereby the car became the absolute property of Lombard. The evidence as to that transfer of ownership is of such a nature as not to compel belief.

■ December 31, 1932, the order was made denying appellant's motion for a new trial upon condition that within 15 days plaintiff file with the clerk his written consent to a reduction of the verdict from $7,500 to $5,000. Within the time set, plaintiff's consent to the reduction was served on defendant's attorneys and service admitted. Through the oversight of an employe in the office of plaintiff's attorneys, the consent with the admission of service was not filed within the time originally limited but was filed January 30, 1933. On motion, February 3, 1933, the court amended its order of December 31, 1932, by extending the time for filing plaintiff's consent to include January 31, 1933. There is nothing of unreasonable delay or otherwise that even suggests abuse of discretion in such action. Inasmuch as it was in the power of the court to rehear the whole of defendant's motion for judgment or a new trial (Barrett v. Smith, 183 Minn. 431, 237 N. W. 15), there certainly was no lack of power for or abuse of discretion in the modification of which appellant now complains.

The order appealed from is affirmed.