MARIE T. HACK v. WILLIAM JOHNSON AND ANOTHER.[1]

October 8, 1937.

No. 31,169.

[1]Reported in 275 N. W. 381.

10

*Donald O. Wright, A. E. Bryngelson,* and *D. L. Morse,* for appellant.

*William H. Freeman,* for respondents.

STONE, JUSTICE.

Action for wrongful death wherein, after verdict for defendants, plaintiff appeals from the order denying her motion for a new trial.

The deceased, George J. Hack, was the driver of a motor truck and was accidentally killed shortly after three p. m. of December 20, 1935, on University avenue in Minneapolis near its intersection with Twenty-seventh avenue southeast.

Before stating facts, it is well, in view of the posture in which they have been put by counsel for appellant, to say that we are not at liberty to adopt as controlling the testimony of the so-called "disinterested witnesses." The verdict was for defendants for the reason, perhaps, that the deceased was found guilty of contributory negligence, proximately contributing to his untimely death. Perforce, therefore, we must take that view of all the evidence most favorable to the defense. McIlvaine v. Delaney, 190 Minn. 401, 252 N. W. 234.

University avenue at the place of the accident is a paved street, 70 feet wide between curbs. In addition to a heavy automobile

traffic, it carries the double streetcar tracks of the main interurban line between the Twin Cities. Mr. Hack was driving a truck with "quite a fair load" of planks 18 or 20 feet in length, which projected well beyond the rear end of the rack or body of the truck. He had been proceeding westerly on University avenue and, because of some difficulty, the precise nature of which is not disclosed, had stopped his truck a short distance west of Twenty-seventh avenue. There is testimony that his right front wheel was about ten feet from the north curb, and that the truck was standing at such an angle that the "rear ends of the timbers" extended "in between the streetcar tracks." At that moment William Johnson came along, also proceeding westerly. He was driving a cattle truck owned by his wife and codefendant, Anna Johnson. Apparently seeing that he would have to turn considerably to the left to pass the Hack truck, he held his "arm out of the left window" as a warning. But, so he testifies, another car traveling rapidly "swung out around me on the left and cut in on me on the front and honked his horn when he was right aside of my cab. In order to miss him I swung back a little, and the right-hand corner of my rack caught the left corner of his timbers." The collision was fatal to Mr. Hack. The exact position of the latter just before the impact is left in some doubt. He was in the street but standing near the left side of his truck somewhere close to or in front of the cab. Where the Hack truck was parked the pavement is hard and smooth, with some downward slope to the west.

There was given to the jury, on defendants' behalf, the rule of negligence, or the lack of it, applicable to action in emergency. It is possible that on that ground the jury absolved defendant William Johnson from negligence. That feature we ignore, because, if as matter of law there was no basis for a finding of contributory negligence, it was reversible error to submit that issue over plaintiff's timely objection. Vukos v. Duluth St. Ry. Co. 173 Minn. 237, 217 N. W. 125.

■ With the evidence as it is and the reasonable inferences to be drawn therefrom by triers of fact as they are, we cannot say as matter of law that Mr. Hack was not guilty of contributory negli-

12

gence. The rule that "it is only in the clearest of cases when the facts are undisputed \* \* \* that the question of contributory negligence becomes one of law" (Mechler v. McMahon, 180 Minn. 252, 254, 230 N. W. 776, 777), while usually invoked against a defendant, is yet no respecter of persons. It operates impartially upon both parties in a case where there are allegations, with supporting evidence, of negligence and contributory negligence. Assuming that the jury found defendant William Johnson guilty of negligence, it must follow that they found the deceased guilty of contributory negligence. In our judgment, the evidence is not such as to prevent, as matter of law, a reasonable conclusion to that effect.

Stopping of the Hack truck so as to obstruct, as the jury could have found that it did, nearly half of one of the busiest arteries of Twin City traffic, is not lightly to be tossed aside as an item of negligence. Assuming momentarily that the stopping of the truck was not negligence, there is the action of Mr. Hack himself, as the jury might have found it, in remaining in a place of danger. With such a load as his, there is no telling what may happen in the event of collision. But that suggestion we put aside and return to the statutory "road rule" applicable to the conduct of Mr. Hack. It was properly given to the jury in the charge and is (1 Mason Minn. St. 1927, § 2720-3) : "No person shall operate or halt any vehicle upon a highway carelessly or heedlessly in disregard of the rights or safety of others or in a manner so as to endanger or be likely to endanger any person or property."

We repeat that the stoppage of the Hack machine is unexplained. The best that counsel for appellant themselves can say is that it was "presumably due to motor trouble." We cannot find anything in the record which can be said to bar a reasonable conclusion by the jury that Mr. Hack, even though he found it necessary to stop, might, notwithstanding, have got his car well over to his right and close to the curb where it would have been as far out of danger as possible. In view of such considerations, for us to say that the verdict has no support in the evidence would be to usurp the function of the jury.

Geisen v. Luce, 185 Minn. 479, 242 N. W. 8, much stressed for plaintiff, is distinguishable. We directed the entry of judgment there in favor of the defendant Ferris, whose car was shown to have been completely disabled under circumstances which prevented its removal from its position on the extreme right of the traveled way. Our conclusion was that there was no evidence of negligence on the part of Mr. Ferris, and, if there had been, there was yet no proximate connection between the position of his stalled car, with which there was no collision, and the accident to plaintiff which we considered resulted exclusively and independently from the gross negligence of the defendant Luce. See also Fleenor v. Rowley, 198 Minn. 163, 269 N. W. 370.

There is no escape for plaintiff, from the conclusion that the issue of contributory negligence was for the jury, in the presumption that the deceased was in the exercise of due care. That presumption as such is never conclusive, but always disputable, and so to be overcome by evidence adequate for that purpose, as it was here. In Hawkins v. Kronick C. & L. Co. 157 Minn. 33, 195 N. W. 766, 36 A. L. R. 394, and Jasinuk v. Lombard, 189 Minn. 594, 250 N. W. 568, we endeavored to put all these inconclusive presumptions in their proper place. In the Hawkins case we were dealing with the presumption against self-murder, and, among inconclusive presumptions, none is stronger. Yet we held that there was nothing conclusive or even dominating about it; that, being a mere inference or deduction adopted by the law of evidence, it controls decision only in the absence of opposing proof. In the instant case there is such opposing evidence.

In Jasinuk v. Lombard, 189 Minn. 594, 250 N. W. 568, the presumption may have been given controlling weight by the jury, for their verdict was for the plaintiff. But we applied the rule notwithstanding, that unless the evidence is such as to settle the issue as matter of law, the jury takes the case upon all the evidence and all inferences, the presumption included, which are reasonably to be drawn. In Aubin v. Duluth St. Ry. Co. 169 Minn. 342, 343, 211 N. W. 580, the defendant got a reversal because of a charge that the presumption against contributory negligence must

yield to "clear proof" to the contrary. That, we held, was error because it gave the presumption too great a force and required more than a mere preponderance of the evidence to overcome it.

Recently, in State v. Oliver I. Min. Co. 198 Minn. 385, 394, 270 N. W. 609, 614, we had occasion to consider the presumption of verity attending a delinquent tax list, evidencing important and considered official action. We held that, while it made a *prima facie* case, it must yet succumb to "adequate, competent, and credible evidence" in opposition. Also in point is Del Vecchio v. Bowers, 296 U. S. 280, 287, 56 S. Ct. 190, 193, 80 L. ed. 229, involving an issue of suicide or accident. The holding was, in effect, that "the issue must be resolved upon the whole body of proof *pro* and *con;* and if it permits an inference either way upon the question of suicide" the decision of the fact finder is not to be disturbed by an appellate court. See also Geldert v. Boehland, 200 Minn. 332, 274 N. W. 245.

■ Shortly after the collision defendant William Johnson made a statement in the form of question and answer to a Mr. Comstock in the office of the county attorney in Minneapolis. Plaintiff's counsel had that statement or a copy of it before the trial. It was silent concerning the car which Johnson testified passed him just before the collision with the Hack truck and caused him to swerve into the latter. When the trial was all but complete, and about midafternoon, plaintiff asked for a recess in order to procure, if possible, the attendance of Mr. Comstock to testify in impeachment of Mr. Johnson's testimony concerning the third car. It is difficult for us to see error in the refusal to grant the request. But were it otherwise, it is too plain for argument that no prejudice resulted to plaintiff. Mr. Johnson's statement went to the jury. Its silence concerning the third car, which Mr. Johnson claimed was involved in the collision, could not have had its effect enhanced by the testimony of Mr. Comstock that Mr. Johnson, in making the statement, said nothing about the third car. The circumstance that Johnson's version taken in the county attorney's office immediately after the accident omitted any mention of the third car doubtless was duly stressed to the jury on behalf of plaintiff. The denial

of plaintiff's request for the recess to enable her to procure Mr. Comstock's attendance as a witness presents no ground for reversal.

Order affirmed.

Peterson, Justice (dissenting).

It was error to submit the question of the deceased's contributory negligence to the jury. There was no causal connection between the standing of his truck upon the highway and the accident which resulted in his death. The subsequent, independent, intervening negligence of the defendant Johnson and the driver of the Ford automobile was the direct and proximate cause of the accident.

■ The defense of contributory negligence will fail where the relationship of the fault with respect to the accident as a proximate and contributing cause is not a permissible inference under the circumstances. The undisputed evidence shows as a matter of law that the standing of the deceased's truck on the highway was not a proximate cause of the accident. The truck came to a stop on the street and left sufficient space for other cars to pass on the right between the truck and the north curb of University avenue. There were 40 or 45 feet between the left side of the truck and the south side of University avenue for the free passage of other traffic. There were red flags tied to the projecting planks which were plainly visible. The testimony conclusively shows that Johnson saw this truck at a distance of not less than 300 and possibly 400 feet before the collision. Johnson testified, and his testimony is not contradicted in this respect, that he swung over to the left of the truck so that he had cleared it with the front part of his truck. There would have been no collision had he not swung his truck to the right again, so as to bring the rear end of his truck in contact with the planks projecting from the rear end of the standing truck. He claims an emergency was created by the Ford car cutting in in front of him. The transportation of the planks by the deceased, with the red flags on the end of them, was in compliance with the statute. 1 Mason Minn. St. 1927, § 2720-36. The standing of the automobile upon the highway was lawful and in conformity with

the statute, which provides that "in no event shall any person leave standing any vehicle, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway." 1 Mason Minn. St. 1927, § 2720-24(a).

The truck remained standing all the time. The claimed negligence arises solely from the fact that the truck was standing on the highway. It did not obstruct the view of the traffic; it did not cause any surprise nor did it in any way determine the course of Johnson's conduct. He knew of its presence on the highway all the time. As stated in Geisen v. Luce, 185 Minn. 479, 242 N. W. 8, 11, the accident might have happened just the same had the truck been moving slowly and Johnson had overtaken it with his truck at this place. In commenting upon this kind of a situation in the Luce case, this court said, pages 484-485:

"It is conceded that if he had been, at the time and place, driving his car slowly he would not have been guilty of negligence. Under the circumstances this accident would have happened just the same had the Ferris car been moving slowly. Indeed, had the Ferris car been moving it might have made the situation more dangerous. If the Ferris car while standing bore any relation to the accident, it was solely because of its being on the highway, not because it was a standing rather than a moving car. Its presence was known to all; it created no surprise; it did not obstruct a view of the traffic. * * * While such standing may be the occasion or condition, it is not in a legal sense a contributing proximate cause of the accident."

In the Luce case the car was lawfully upon the highway because it was disabled, and thus brought within the exception that if a car is disabled while on a highway the provisions against parking and stopping thereon shall not apply.

But in Denson v. McDonald, 144 Minn. 252, 175 N. W. 108, 109, an automobile was illegally parked within 20 feet of a hydrant in violation of an ordinance, but such illegal parking was held not to change the rule.  Mr. Justice Dibell said, at p. 253:

"The presence of the auto within the forbidden limits had, in a legal sense, no causal connection with the accident.  Without such causal connection the plaintiff's violation of the ordinance would not prevent a recovery.  *  *  *  Its presence there was the occasion but not in a legal sense a contributory cause of the injury."

In Hamilton v. Vare, 184 Minn. 580, 239 N. W. 659, it was claimed that the city of St. Paul was negligent in permitting certain sand to accumulate upon a pavement.  In attempting to go around the sand, plaintiff turned his car to the left and collided with the car of the defendant Vare.  This court held that the presence of the sand on the highway did not bear a direct causal connection between the alleged negligent act or omission and the resulting injury. What was said with respect to the presence of the sand negligently permitted to be on the pavement applies to the presence of the deceased's truck upon the street.  If the accumulated sand did not bear any relation to the accident, neither did the standing of deceased's truck upon the highway.

The presence of a standing automobile on a highway in the daytime, clearly visible to other traffic and with ample room for other vehicles to pass, as a matter of law does not create any unforeseen condition or in any manner actively cause the driver of another automobile to collide with it and therefore is not a proximate cause of another car's colliding with it.  Geisen v. Luce, 185 Minn. 479, 242 N. W. 8; Albrecht v. Waterloo Const. Co. 218 Iowa, 1205, 257 N. W. 183; Scoville v. Clear Lake Bakery, 213 Iowa, 534, 239 N. W. 110; Falk v. Finkelman, 268 Mass. 524, 168 N. E. 89; Powers v. Standard Oil Co. 98 N. J. L. 730, 119 A. 273; Schacht v. Quick, 178 Wis. 330, 190 N. W. 87, 25 A. L. R. 130; Bruening v. Miller, 57 S. D. 58, 230 N. W. 754; Sexton v. Stiles, 15 La. App. 148, 130 So. 821; Feight v. Rock (La. App.) 155 So. 303; Johnston v. McMorran [1927] 4 Dom. L. R. 335; Nason v. Hodne [1929] 4 Dom. L. R. 490.

In Bruening v. Miller, 57 S. D. 58, 69, 230 N. W. 754, 759, the court said:

"In this case the most that can be said concerning the threshing rig in the highway is that it did nothing more than furnish a condition by which the injury by the subsequent independent act of a third person occurred. In such a case the existence of the condition is not the proximate cause of the injury."

In Southall v. Smith, 151 La. 967, 92 So. 402, 27 A. L. R. 1194, it was held that the driver of an automobile which stalls on a public highway is not negligent in alighting from the car and attempting to adjust the mechanism, without moving the car. That case and the instant case are precisely alike. For other applications of the rule of proximate cause, which illustrate the point made here, see La Londe.v. Peake, 82 Minn. 124, 84 N. W. 726; Goneau v. M. St. P. & S. S. M. Ry. Co. 154 Minn. 1, 191 N. W. 279.

In the majority opinion it is assumed that the decision in the Luce case was predicated solely upon the ground that the Ferris car was disabled. The court pointed out that the disablement of the Ferris car did not constitute negligence on the part of Ferris. As an additional independent and separate ground for the holding of nonliability, it took pains to say that the standing of the Ferris car upon the pavement was not a proximate cause of the accident. This is made clear at p. 484, *et seq.* of the opinion. The Luce case, in its facts and the principles of law applicable thereto, cannot be distinguished from the case at bar, upon either the grounds of negligence or proximate cause.

The accident was caused by the acts of Johnson in passing the standing truck. He was in the act of making the passage safely. But he drove his truck, loaded with beer, at a high and dangerous rate of speed, which the evidence showed to be *prima facie* negligent. He failed to watch for other traffic then on the highway. The fact that he did not see the Ford, which he claims cut in in front of him, until he was about to collide with it, shows that he failed to maintain a lookout and was himself guilty of negligence. If he had proceeded lawfully and cautiously the accident would not have

happened. It is clear that the intervening negligence of Johnson, either alone or combined with that of the driver of the Ford, caused the collision. Geisen v. Luce, Albrecht v. Waterloo Const. Co., and other cases cited *supra*.

■ Johnson's negligence in operating his truck deprives him of the benefit of the emergency rule. If a person's own negligence brings about, in whole or in part, the emergency which requires him to act, he is not within the emergency rule. Anderson v. Davis, 151 Minn. 454, 187 N. W. 224. "An automobile driver cannot put himself in a position where, in order to save himself, he must run into someone else, and then plead that he could not help it, and therefore is not liable." Southall v. Smith, 151 La. 967, 969, 92 So. 402, 27 A. L. R. 1194.

■ The suggestion that the deceased placed himself in a position of peril when he attempted to get into his cab after fixing the engine of the truck cannot be seriously considered as contributory negligence. If Johnson's testimony be accepted as true, Johnson was then to the left of the truck and had cleared it so that there was no danger of a collision between Johnson's truck and the truck of the deceased. In fact, it then appeared that Johnson would drive so far to the left of the truck that there was no danger of a collision. The deceased was then in a place where he was safe. He remained safe until Johnson swerved to his right unexpectedly.

There should be a reversal.

GALLAGHER, CHIEF JUSTICE, and LORING, JUSTICE (dissenting). We agree with the dissent of Mr. Justice Peterson.